# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**BEVERLY TRAN,**

       **Plaintiff,**                      **CIVIL ACTION NO. 07-CV-13232-DT**

vs.

                                      **DISTRICT JUDGE BERNARD A. FRIEDMAN**

**MICHIGAN DEP'T OF**                **MAGISTRATE JUDGE MONA K. MAJZOUB**
**HUMAN SERVS., et al.,**

       **Defendants.**
_____/

## REPORT AND RECOMMENDATION

**I.**     **RECOMMENDATION:** Defendants Zurvalec and Farmington Public School's Motion for Summary Judgment filed on August 9, 2007 (docket no. 4) should be **GRANTED**.

**II.**     **REPORT:**

    *A.*    *Procedural History, Facts, and Claims*

This is the second action filed by Plaintiff alleging federal civil rights violations and state law claims against a multitude of defendants. Final judgment has been entered against Plaintiff in the earlier action, and Plaintiff's appeal period has expired. *See Tran v. Michigan Dep't of Human Servs.*, No. 06-CV-13572 (E.D. Mich. Mar. 1, 2007). Both actions involve the same general factual allegations. Plaintiff alleges that her rights (and at least in the earlier action the rights of her minor two children, A.R. and L.T.) were violated when her sons were taken out of her care by the Michigan state authorities in 2002 and during the ensuing actions she took to regain custody and otherwise protect her children.[1] (Docket no. 1). The present action was filed originally in state court in July 2007 and then removed to federal

---

[1] This Court in its Recommendation in the previous case construed Plaintiffs' Complaint to raise claims of violations of the Civil Rights of Institutionalized Persons Act, Individuals with Disability Education Act, Health Insurance Portability and Accountability Act, civil rights statutes including 42 U.S.C. § 1983 and 1985, and criminal statutes. (No. 06-13572, docket no. 115). Plaintiffs also raised two state law claims but do not raise them now.

court on August 2, 2007.  Plaintiff filed her Complaint pursuant to 42 U.S.C. §§ 1983 and 1985.  (*Id.* ¶ 1).

Plaintiff names 23 Defendants in her Complaint.  (Docket no. 1).  Included as Defendants are the Farmington Public Schools and Susan H. Zurvalec, in her personal and professional capacity as Superintendent for Farmington Public Schools.  (*Id.* ¶¶ 5, 23).  Plaintiff alleges that on March 10, 2003 Farmington Public Schools completed the Individualized Education Program Team Report which determined that Plaintiff's son, A.R., was ineligible for special education.  (*Id.* ¶ 90).  Plaintiff's Complaint continues with the following allegations:

> 91. Susan Zurvalec performed her ministerial duties of oversight with gross negligence and blatant indifference to established state protocol by authorizing ineligible special needs education payments and subsequent foster care payments extensions to deny Plaintiff her liberty.
> 92. Susan Zurvalec violated her affirmation of oath to uphold the United States Constitution and the Michigan Constitution of all the privileges and immunities entitled to Plaintiff as a citizen of the United States with deliberate indifference, failed to uphold her oath of office as an appointed official by the Farmington Public School Board.
> 93. Susan Zurvalec performed her ministerial duties with gross negligence, malfeasance, misfeasance, and moral turpitude by participating in the cover up of fraudulent activities of St. Vincent Sarah Fisher and the other Defendants named herein.
> 94. Susan Zurvalec obstructs justice by refusing to amend and expunge the record of Plaintiff's property, A.R.
> 95. Susan Zurvalec has denied Plaintiff's request for educational records.  This has caused Plaintiff substantial harm in the inability to properly enroll A.R. in school.
> 96. Susan Zurvalec emotionally and psychologically tortured Plaintiff by forcing her to watch the physical abuse, emotional and psychological degeneration of A.R. as he was illegally incarcerated as a juvenile delinquent in a contained environment.
> 97. Susan Zurvalec possessed the authority to release A.R. to Plaintiff and failed to do so.

(Docket no. 1, Complaint).

Plaintiff raises 18 counts in her Complaint.  Each count names almost all Defendants and alleges that they committed the acts complained of "whether knowingly or willfully, in concert, or done

individually within the scope of their authority under color off [sic] state law." (*Id.* Count 1). Count 1 alleges Negligence and Gross Negligence. Counts 2 and 3 allege Malicious Prosecution. Count 4 alleges Breach of Duty to Public Policy. Count 5 alleges Breach of Implied Contract. Count 6 alleges Breach of Fiduciary Duty. Count 7 alleges Malicious Abuse of Power. Count 8 alleges Breach of Oath of Office. Count 9 alleges Fraudulent Alienation. Count 10 alleges Liable [sic]. Count 11 alleges Slander. Count 12 alleges a Due Process violation. Count 13 alleges Unreasonable Search and Seizure. Count 14 alleges Retaliation. Count 15 alleges Fraudulent Conversion. Count 16 alleges Conspiracy. Count 17 alleges Deprivation of Religious Freedom. Count 18 alleges Obstruction of Justice.[2] Counts 19-22 allege injury and damages. Counts 11 and 14 omit these two Defendants.

Defendants move for summary judgment or to dismiss. (Docket no. 4). They argue that this action is barred by res judicata, that they are shielded by governmental immunity, that the statute of limitation on all claims has expired, and that Plaintiff cannot represent the interests of her minor children in this action. (*Id.*). Plaintiff responded on October 19, 2007. All pretrial matters have been referred to the undersigned for decision. (Docket no. 3). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e). This matter is now ready for ruling.

B.    *Standard of Review*

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Covington v. Knox County Sch. Sys.*, 205 F.3d 912, 915 (6th Cir. 2000). Once the moving party

---

[2] To the extent that Plaintiff seeks to initiate criminal charges against Defendants, she as a private citizen has no standing to bring an action for an alleged violation of the criminal code. *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989); *Holland v. O'Hair,* 145 F.3d 1331 (6th Cir. Mar. 26, 1998) (unpublished).

has met its burden of production, the non-moving party must come forward with significant probative evidence showing that a genuine issue exists for trial. *Id.* A mere scintilla of evidence is insufficient to defeat a supported motion for summary judgment; rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). While the evidence itself need not be the sort admissible at trial, the evidence must be more than the non-movant's own pleadings. *Ashbrook v. Block*, 917 F.2d 918, 921 (6th Cir. 1990); *see also Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989) (explaining that the non-moving party may not rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact).

Plaintiff is proceeding *pro se* and, in considering all of her claims, the Court is mindful that Plaintiff Tran, as the mother of the minor children, may not appear *pro se* on their behalf because any cause of action the children may have is their cause of action and not Tran's. *Shepherd v. Wellman*, 313 F.3d 963, 970-71 (6th Cir. 2002) (28 U.S.C. § 1654 does not permit plaintiffs to appear *pro se* where interests other than their own are at stake). In her Response, Plaintiff states that she is not representing the interests of her children.

To establish a violation of 42 U.S.C. § 1983, a plaintiff must show that defendants violated a right secured by the federal constitution or laws and must show that the deprivation was committed by someone acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Section 1985 pertains to conspiracies to interfere with civil rights, and under section 1985(3) Plaintiff must allege a conspiracy motivated by a class-based animus. *Lorenzi v. Lorenzi*, 44 Fed. App'x 683 (6th Cir. 2002).

C. Analysis

1. Res Judicata

Defendants advance the form of res judicata known as claim preclusion. Under this doctrine, "a final judgment on the merits in an action precludes a party from bringing a subsequent lawsuit on the same claim or raising a new defense to defeat a prior judgment." *Mitchell v. Chapman*, 343 F.3d 811, 819 (6th Cir. 2003). It precludes relitigating a claim previously adjudicated as well as litigating a claim or defense that should have been raised, but was not, in the prior suit. (*Id.*). The four elements which must be present for claim preclusion are: (1) the prior decision was a decision on the merits; (2) the present action is between the same parties or their privies; (3) the claim in the present action should have been litigated in the prior action; and (4) an identity exists between the prior and present actions. (*Id.*).

In the prior action the district court accepted this Court's Recommendation to dismiss Defendant Zurvalec, who was named as a Defendant in her official capacity as Superintendent of Farmington Public Schools, because Plaintiffs had failed to allege any facts against her and therefore failed to state a claim for relief. (No. 06-13572, docket nos. 115, 137). A dismissal for failure to state a claim is an adjudication on the merits. *Federated Dep't Stores v. Moitie*, 452 U.S. 394, 399 n.3 (1981). An identity exists between the two actions because they are both based on the same general facts. Also, there is no reason shown why Plaintiff could not have raised all of the claims in this action in the earlier action. The final question is therefore whether the two actions are between the same parties or their privies. Plaintiff named Defendant Zurvalec only in her official capacity in the earlier action. Therefore, Defendant Zurvalec in her official capacity is the same party. Also, naming a defendant in her official capacity is the same as naming the agency for which she works. *See Kentucky v. Graham*, 473 U.S. 159 (1985); *Mitchell*, 343 F.3d at 822 (naming Postal Service in prior action resulted in finding that employees named in official capacities in present action were same parties). Therefore, Defendant Farmington Public Schools as Zurvalec's employer is the same party as Plaintiff sued in the first action. However, the rule of differing capacities "generally operates to allow a subsequent individual capacity suit against

a governmental official even where a prior suit alleged an official capacity claim against the same official." *Mitchell*, 343 F.3d at 823; *see Warnock v. Pecos County*, 116 F.3d 776 (5th Cir. 1997) (prior suit against municipality does not bar later suit against local officials in individual capacity). Under that rule, Defendant Zurvalec in her individual capacity was not a party to the prior suit.

The Sixth Circuit has, however, recognized that identity of the parties is not absolutely necessary when litigants bring repeated actions upon the same operative facts with slight change in legal theories and defendants. *See Randles v. Gregart*, 965 F.2d 90, 93 (6th Cir. 1992). In that case, the court affirmed the dismissal of a complaint on res judicata grounds even though two of the named defendants were not named in the earlier action. This doctrine is known as nonmutual claim or issue preclusion. *See also Habtemariam v. Adrian*, 1999 WL 455326 (6th Cir. 1999) (unpublished); *Hazzard v. Weinberger*, 382 F. Supp. 225, 226-29 (S.D.N.Y. 1974).

Nonmutual claim or issue preclusion precludes suit against Defendant Zurvalec in her individual capacity. Ten of the twenty-three Defendants named in this action were named in the prior action. Moreover, many of the other Defendants are either employees of a previously named defendant or an agency where its employees were previously named as defendants. The operative facts are the same in the two cases. Although the legal theories upon which Plaintiff sues differ on some points, many are the same. A review of the arguments Plaintiff made in the earlier action in response to the Defendants' Motion to Dismiss track the allegations in paragraphs 90 through 97 of the present Complaint. (Docket no. 4, ex. C). Accordingly, the doctrine of nonmutual claim or issue preclusion applies to bar Plaintiff's individual capacity suit against Defendant Zurvalec.

    2.    *Statute of Limitation*

Defendants next argue that Plaintiff's claims are barred by the three-year statute of limitation

period under section 1983. Section 1983 draws its limitation period from state law, and in Michigan the three-year limitation period for general personal injuries applies. *Mich. Comp. Laws* § 600.5805(10); *McCune v. City of Grand Rapids*, 842 F.2d 903, 905 (6th Cir. 1988). The allegations against Defendant Zurvalec mention only one date and that is March 10, 2003, the time of completion of the Education Report for Plaintiff's son, A.R. Judged from this date, the three-year limitation period had expired by the time Plaintiff filed suit in 2007. Plaintiff has failed to show that any other date should be used as an accrual date for the running of her limitation period.[3] Plaintiff fails to allege any facts against the Farmington Public Schools. Therefore, Plaintiff's federal civil rights claims[4] should be dismissed against both Defendants because her claims are barred by the statute of limitation. The Court also finds that many of Plaintiff's tort claims are barred by the applicable state-law limitation period. *See Mich. Comp. Laws* § 600.5805 (period for libel and slander is 1 year; 2 years for malicious prosecution).

       3.      *Immunity*

Defendants next argue that they are entitled to be dismissed because they are protected by absolute immunity under Michigan state law. This defense applies only to Plaintiff's state law claims. The Michigan statute on governmental immunity provides that "the elective or highest appointive executive official of all levels of government are immune from tort liability for injuries to persons or damages to property if he or she is acting within the scope of his or her . . . executive authority." Mich. Comp. Laws § 691.1407(5). As stated previously, Plaintiff's Complaint in each count alleges that Defendant was acting within the scope of her authority. Moreover, in Michigan, school superintendents are the highest executive official of the school district, a level of government. *See Nalepa v. Plymouth-*

---

[3] To the extent that Plaintiff alleges a conspiracy among the Defendants, she has failed to state specific facts showing a conspiracy involving these two Defendants. *See Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987).

[4] The same limitation period applies to Plaintiff's section 1985 claims. *See Baker v. Smith*, 72 Fed. App'x 339 (6th Cir. 2003).

*Canton Community Sch. Dist.*, 525 N.W.2d 897, 901-02 (Mich. App. 1994); *Mainzinger v. Riverview Community Sch. Dist.*, 2003 WL 327673 (Mich. App. Feb. 11, 2003) (unpublished). Superintendents are entitled to absolute immunity under the statute so long as they act within the scope of their authority. *Nalepa*, 525 N.W.2d 897. Accordingly, Defendant Zurvalec is entitled to absolute immunity under Michigan law for tort liability.

### 4. *Abstention and Jurisdiction*

In her Response, Plaintiff argues that the federal courts should abstain from deciding the issues of this case and remand the case to state court. However, she fails to show a valid basis for abstaining. This Court has jurisdiction over the present Defendants and subject matter because she is proceeding under 42 U.S.C. § 1983 and 1985. Moreover, Plaintiff failed to file a Motion to Remand pursuant to 28 U.S.C. § 1447(c).

In summary, Defendant Farmington Public Schools should be dismissed based on claim preclusion and because no facts are alleged against it. Defendant Zurvalec in her official capacity should be dismissed based on claim preclusion. Defendant Zurvalec in her individual capacity should be dismissed based on nonmutual claim or issue preclusion. All claims under section 1983 and 1985 should be dismissed as barred by the statute of limitation. Plaintiff has also failed to sufficiently allege a conspiracy or a class-based animus as is required for a successful section 1985 claim. *See Lorenzi*, 44 Fed. App'x 683. Finally, the Michigan governmental immunity statute applies to shield Defendant Zurvalec from state tort liability.

## III. **NOTICE TO PARTIES REGARDING OBJECTIONS:**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any

further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: October 31, 2007         s/ Mona K. Majzoub
                                MONA K. MAJZOUB
                                UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Beverly Tran and Counsel of Record on this date.

Dated: October 31, 2007         s/ Lisa C. Bartlett
                                Courtroom Deputy