# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**BEVERLY TRAN,**

       **Plaintiff,**                **CIVIL ACTION NO. 07-CV-13232-DT**

vs.

                                   **DISTRICT JUDGE BERNARD A. FRIEDMAN**

**MICHIGAN DEP'T OF**          **MAGISTRATE JUDGE MONA K. MAJZOUB**
**HUMAN SERVS., et al.,**

       **Defendants.**
_____/

## REPORT AND RECOMMENDATION

**I.**     **RECOMMENDATION:** Defendants Kathy Breen and St. Vincent Sarah Fisher's Motion for Summary Judgment filed on August 30, 2007 (docket no. 14) should be **GRANTED**.

**II.**     **REPORT:**

    *A.*     *Procedural History, Facts, and Claims*

This is the second action filed by Plaintiff alleging federal civil rights violations and state law claims against a multitude of defendants. Final judgment has been entered against Plaintiff in the earlier action, and Plaintiff's appeal period has expired. *See Tran v. Michigan Dep't of Human Servs.*, No. 06-CV-13572 (E.D. Mich. Mar. 1, 2007). Both actions involve the same general factual allegations. Plaintiff alleges that her rights (and at least in the earlier action the rights of her minor two children, A.R. and L.T.) were violated when her sons were taken out of her care by the Michigan state authorities in 2002 and during the ensuing actions she took to regain custody and otherwise protect her children.[1] (Docket no. 1). The present action was filed originally in state court in July 2007 and then removed to federal

---

[1] This Court in its Recommendation in the previous case construed Plaintiffs' Complaint to raise claims of violations of the Civil Rights of Institutionalized Persons Act, Individuals with Disability Education Act, Health Insurance Portability and Accountability Act, civil rights statutes including 42 U.S.C. § 1983 and 1985, and criminal statutes. (No. 06-13572, docket no. 115). Plaintiffs also raised two state law claims but do not raise them now.

court on August 2, 2007. Plaintiff filed her Complaint pursuant to 42 U.S.C. §§ 1983 and 1985. (*Id.* ¶ 1).

Plaintiff names 23 Defendants in her Complaint. (Docket no. 1). Included as Defendants are Kathy Breen, "in her personal and official capacity of St. Vincent Sarah Fisher," and St. Vincent Sarah Fisher (SVSF), a private non-profit entity. (*Id.* ¶¶ 3, 18). Plaintiff alleges that on January 21, 2003 her son A.R. was transferred to the SVSF residential treatment program. (*Id.* ¶ 80). Plaintiff's Complaint continues to address transgressions which allegedly occurred involving A.R. up through December 25, 2003. (*Id.* ¶ 206). Kathy Breen is alleged to be a program director of SVSF. (*Id.* ¶ 182). Plaintiff alleges that SVSF scheduled medical treatment for A.R. (*Id.* ¶ 155). She alleges that SVSF failed to report injuries to the state and to maintain medical records. (*Id.* ¶¶ 166, 168). Plaintiff further alleges that a staff member of SVSF forced A.R. "to learn erroneous religious ideology." (*Id.* ¶ 179). Kathy Breen allegedly wanted to send A.R. to an off-site school because Farmington Public Schools could not provide the proper education for him. (*Id.* ¶ 182). However, Plaintiff also alleges that Kathy Breen "made the decision for A.R. to remain in the facility," "failed to release A.R. from an improper placement," and "failed to protect A.R. and Plaintiff from torture." (*Id.* ¶¶ 185-87). Plaintiff finally alleges that Breen performed her duties with gross negligence, malfeasance, and moral turpitude. (*Id.* ¶ 188).

Plaintiff raises 18 counts in her Complaint. Each count names almost all Defendants and alleges that they committed the acts complained of "whether knowingly or willfully, in concert, or done individually within the scope of their authority under color off [sic] state law." (*Id.* Count 1). Count 1 alleges Negligence and Gross Negligence. Counts 2 and 3 allege Malicious Prosecution. Count 4 alleges Breach of Duty to Public Policy. Count 5 alleges Breach of Implied Contract. Count 6 alleges Breach of Fiduciary Duty. Count 7 alleges Malicious Abuse of Power. Count 8 alleges Breach of Oath of

Office. Count 9 alleges Fraudulent Alienation. Count 10 alleges Liable [sic]. Count 11 alleges Slander. Count 12 alleges a Due Process violation. Count 13 alleges Unreasonable Search and Seizure. Count 14 alleges Retaliation. Count 15 alleges Fraudulent Conversion. Count 16 alleges Conspiracy. Count 17 alleges Deprivation of Religious Freedom. Count 18 alleges Obstruction of Justice.[2] Counts 19-22 allege injury and damages. Count 8 omits both these Defendants.

Defendants move for summary judgment or to dismiss. (Docket no. 14). They argue that this action is barred by res judicata, that the statute of limitation on all claims has expired, that Plaintiff cannot represent the interests of her minor children in this action, and that they are not state actors under section 1983. (*Id.*). Plaintiff responded on October 16, 2007. (Docket no. 29). All pretrial matters have been referred to the undersigned for decision. (Docket no. 3). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e). This matter is now ready for ruling.

B.     *Standard of Review*

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Covington v. Knox County Sch. Sys.*, 205 F.3d 912, 915 (6th Cir. 2000). Once the moving party has met its burden of production, the non-moving party must come forward with significant probative evidence showing that a genuine issue exists for trial. *Id.* A mere scintilla of evidence is insufficient to defeat a supported motion for summary judgment; rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252

---

[2] To the extent that Plaintiff seeks to initiate criminal charges against Defendants, she as a private citizen has no standing to bring an action for an alleged violation of the criminal code. *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989); *Holland v. O'Hair,* 145 F.3d 1331 (6th Cir. Mar. 26, 1998) (unpublished).

(1986). While the evidence itself need not be the sort admissible at trial, the evidence must be more than the non-movant's own pleadings. *Ashbrook v. Block*, 917 F.2d 918, 921 (6th Cir. 1990); *see also Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989) (explaining that the non-moving party may not rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact).

Plaintiff is proceeding *pro se* and, in considering all of her claims, the Court is mindful that Plaintiff Tran, as the mother of the minor children, may not appear *pro se* on their behalf because any cause of action the children may have is their cause of action and not Tran's. *Shepherd v. Wellman*, 313 F.3d 963, 970-71 (6th Cir. 2002) (28 U.S.C. § 1654 does not permit plaintiffs to appear *pro se* where interests other than their own are at stake). In her Response, Plaintiff states that she is not representing the interests of her children. (Docket no. 29 at 5).

To establish a violation of 42 U.S.C. § 1983, a plaintiff must show that defendants violated a right secured by the federal constitution or laws and must show that the deprivation was committed by someone acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Section 1985 pertains to conspiracies to interfere with civil rights, and under section 1985(3) Plaintiff must allege a conspiracy motivated by a class-based animus. *Lorenzi v. Lorenzi*, 44 Fed. App'x 683 (6th Cir. 2002).

C. *Analysis*

1. *Res Judicata*

Defendants advance the form of res judicata known as claim preclusion. Under this doctrine, "a final judgment on the merits in an action precludes a party from bringing a subsequent lawsuit on the same claim or raising a new defense to defeat a prior judgment." *Mitchell v. Chapman*, 343 F.3d 811, 819 (6th Cir. 2003). It precludes relitigating a claim previously adjudicated as well as litigating a claim or defense that should have been raised, but was not, in the prior suit. (*Id.*). The four elements which must

be present for claim preclusion are: (1) the prior decision was a decision on the merits; (2) the present action is between the same parties or their privies; (3) the claim in the present action should have been litigated in the prior action; and (4) an identity exists between the prior and present actions. (*Id.*).

In the prior action the district court accepted this Court's Recommendation to dismiss the claims of federal civil rights violations against Defendant Kathy Breen because Plaintiffs had failed to allege any facts against her and therefore failed to state a claim for relief. (No. 06-13572, docket nos. 115, 137). A dismissal for failure to state a claim is an adjudication on the merits. *Federated Dep't Stores v. Moitie*, 452 U.S. 394, 399 n.3 (1981). An identity exists between the two actions because they are both based on the same general facts. Also, there is no reason shown why Plaintiff could not have raised all of the claims in this action in the earlier action.[3] The final question is therefore whether the two actions are between the same parties or their privies. In the previous Complaint Plaintiff named Defendant Breen in her official capacity as well as other employees of SVSF but did not name SVSF. Therefore, Defendant Breen in her official capacity is the same party that Plaintiff previously named. Also, naming a defendant in her official capacity is the same as naming the agency for which she works. *See Kentucky v. Graham*, 473 U.S. 159 (1985); *Mitchell*, 343 F.3d at 822 (naming Postal Service in prior action resulted in finding that employees named in official capacities in present action were same parties). Therefore, Defendant SVSF as Breen's employer is the same party as Plaintiff sued in the first action. However, the rule of differing capacities "generally operates to allow a subsequent individual capacity suit against a governmental official even where a prior suit alleged an official capacity claim against the same official." *Mitchell*, 343 F.3d at 823; *see Warnock v. Pecos County*, 116 F.3d 776 (5th Cir. 1997) (prior suit against municipality does not bar later suit against local officials in individual capacity). Under that rule,

---

[3] Plaintiff did not raise the present state tort claims in the earlier action. However, there is no showing that she could not have raised them in that action. Plaintiff raised other state law claims which were dismissed without prejudice.

Defendant Breen in her individual capacity was not a party to the prior suit.

The Sixth Circuit has, however, recognized that identity of the parties is not absolutely necessary when litigants bring repeated actions upon the same operative facts with slight change in legal theories and defendants. *See Randles v. Gregart*, 965 F.2d 90, 93 (6th Cir. 1992). In that case, the court affirmed the dismissal of a complaint on res judicata grounds even though two of the named defendants were not named in the earlier action. This doctrine is known as nonmutual claim or issue preclusion. *See also Habtemariam v. Adrian*, 1999 WL 455326 (6th Cir. 1999) (unpublished); *Hazzard v. Weinberger*, 382 F. Supp. 225, 226-29 (S.D.N.Y. 1974).

Nonmutual claim or issue preclusion precludes suit against Defendant Breen in her individual capacity. Ten of the twenty-three Defendants named in this action were named in the prior action. Moreover, many of the other Defendants are either employees of a previously named defendant or an agency where its employees were previously named as defendants. The operative facts are the same in the two cases. Although the legal theories upon which Plaintiff sues differ on some points, many are the same. A review of the arguments Plaintiff made in the earlier action in response to the Defendants' Motion to Dismiss track the allegations in the present Complaint. (No. 06-13572, docket no. 88). Accordingly, the doctrines of preclusion bar Plaintiff's individual and official capacity claims against Defendant Breen and against Defendant SVSF.

  2. *Statute of Limitation*

Defendants next argue that Plaintiff's claims are barred by the three-year statute of limitation period under section 1983. Section 1983 draws its limitation period from state law, and in Michigan the three-year limitation period for general personal injuries applies. *Mich. Comp. Laws* § 600.5805(10); *McCune v. City of Grand Rapids*, 842 F.2d 903, 905 (6th Cir. 1988). The allegations against Defendants Breen and SVSF run from January 21 until December 25, 2003. Judged from these dates, the three-year

limitation period had expired by the time Plaintiff filed suit in July 2007. Plaintiff has failed to show that any other dates should be used as an accrual date for the running of her limitation period.[4] Therefore, Plaintiff's federal civil rights claims[5] should be dismissed against both Defendants because her claims are barred by the statute of limitation. The Court also finds that many of Plaintiff's tort claims are barred by the applicable state-law limitation period. *See Mich. Comp. Laws* § 600.5805 (period for libel and slander is 1 year; 2 years for malicious prosecution).

       3.      *Abstention and Jurisdiction*

In her Response, Plaintiff argues that the federal courts should abstain from deciding the issues of this case and remand the case to state court. However, she fails to show a valid basis for abstaining. This Court has jurisdiction over the present Defendants and subject matter because Plaintiff is proceeding under 42 U.S.C. § 1983 and 1985. Moreover, Plaintiff failed to file a Motion to Remand pursuant to 28 U.S.C. § 1447(c).

In summary, Defendant Breen in her official capacity and Defendant SVSF should be dismissed based on claim preclusion. Defendant Breen in her individual capacity should be dismissed based on nonmutual claim or issue preclusion. All claims under section 1983 and 1985 should be dismissed as barred by the statute of limitation.[6] Plaintiff has also failed to sufficiently allege a conspiracy or a class-based animus as is required for a successful section 1985 claim. *See Lorenzi*, 44 Fed. App'x 683.

---

[4] To the extent that Plaintiff alleges a conspiracy among the Defendants, she has failed to state specific facts showing a conspiracy involving these two Defendants. *See Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987).

[5] The same limitation period applies to Plaintiff's section 1985 claims. *See Baker v. Smith*, 72 Fed. App'x 339 (6th Cir. 2003).

[6] Due to this and the above findings, the Court will not address Defendants' argument that they are not state actors for the purposes of 42 U.S.C. § 1983.

**III.    NOTICE TO PARTIES REGARDING OBJECTIONS:**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: November 16, 2007         s/ Mona K. Majzoub
                                 MONA K. MAJZOUB
                                 UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Beverly Tran and Counsel of Record on this date.

Dated: November 16, 2007         s/ Lisa C. Bartlett
                                 Courtroom Deputy