UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**BEVERLY TRAN,**

       **Plaintiff,**          **CIVIL ACTION NO. 07-CV-13232-DT**

vs.

                           **DISTRICT JUDGE BERNARD A. FRIEDMAN**

**MICHIGAN DEP'T OF**     **MAGISTRATE JUDGE MONA K. MAJZOUB**
**HUMAN SERVS., et al.,**

       **Defendants.**
_____/

## REPORT AND RECOMMENDATION

**I.**     **RECOMMENDATION:** Defendants Orchards Children's Services, Carmine DeVivo, Lisa Johnson, and Felicia White's Motion to Dismiss filed on September 19, 2007 (docket no. 18) should be **GRANTED**.

**II.**     **REPORT**:

    *A.*    *Procedural History, Facts, and Claims*

This is the second action filed by Plaintiff alleging federal civil rights violations and state law claims against a multitude of defendants. Final judgment has been entered against Plaintiff in the earlier action, and Plaintiff's appeal period has expired. *See Tran v. Michigan Dep't of Human Servs.*, No. 06-CV-13572 (E.D. Mich. Mar. 1, 2007). Both actions involve the same general factual allegations. Plaintiff alleges that her rights (and at least in the earlier action the rights of her minor two children, A.R. and L.T.) were violated when her sons were taken out of her care by the Michigan state authorities in 2002 and during the ensuing actions she took to regain custody and otherwise protect her children.[1] (Docket

---

[1] This Court in its Recommendation in the previous case construed Plaintiffs' Complaint to raise claims of violations of the Civil Rights of Institutionalized Persons Act, Individuals with Disability Education Act, Health Insurance Portability and Accountability Act, civil rights statutes including 42 U.S.C. § 1983 and 1985, and criminal statutes. (No. 06-13572, docket no. 115). Plaintiffs also raised two state law claims but do not raise them now.

no. 1). The present action was filed originally in state court in July 2007 and then removed to federal court on August 2, 2007. Plaintiff filed her Complaint pursuant to 42 U.S.C. §§ 1983 and 1985. (*Id.* ¶ 1).

Plaintiff names 23 Defendants in her Complaint. (Docket no. 1). Included as Defendants are Carmine DeVivo, Chief Financial Officer of Orchards Children's Services in his "personal and official capacity," Lisa Johnson, "in her personal and official capacity as case manager of Orchards Children's Services," Orchards Children's Services, "a private non-profit entity," and Felica White, "in her personal and official capacity as Supervisor for Orchards Children's Services." (*Id.*, Complaint at 1-5). These four entities will be referred to as the "OCS Defendants."

The specific allegations against these Defendants are contained in paragraphs 31 through 274 of Plaintiff's Complaint. (Docket no. 1). They cover the time period from August 20, 2002 until November 11, 2004. (*Id.* ¶¶ 31, 259). In these paragraphs Plaintiff recounts the treatment she and her sons received from the OCS Defendants. Most of the paragraphs concern Plaintiff's interactions with Lisa Johnson.

Plaintiff raises 18 counts in her Complaint. Each count names almost all Defendants and alleges that they committed the acts complained of "whether knowingly or willfully, in concert, or done individually within the scope of their authority under color off [sic] state law." (*Id.* Count 1). Count 1 alleges Negligence and Gross Negligence. Counts 2 and 3 allege Malicious Prosecution. Count 4 alleges Breach of Duty to Public Policy. Count 5 alleges Breach of Implied Contract. Count 6 alleges Breach of Fiduciary Duty. Count 7 alleges Malicious Abuse of Power. Count 8 alleges Breach of Oath of Office. Count 9 alleges Fraudulent Alienation. Count 10 alleges Liable [sic]. Count 11 alleges Slander. Count 12 alleges a Due Process violation. Count 13 alleges Unreasonable Search and Seizure. Count 14 alleges Retaliation. Count 15 alleges Fraudulent Conversion. Count 16 alleges Conspiracy. Count

17 alleges Deprivation of Religious Freedom. Count 18 alleges Obstruction of Justice.[2] Counts 19-22 allege injury and damages. Count 8 omits the OCS Defendants and Count 11 omits Orchards Children's Services but includes the other three OCS Defendants.

Defendants move to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (Docket no. 18). They argue that this action is barred by issue and claim preclusion. (*Id*.). Plaintiff responded on October 19, 2007. (Docket no. 33). All pretrial matters have been referred to the undersigned for decision. (Docket no. 3). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e). This matter is now ready for ruling.

B.    *Standard of Review*

Dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6) is appropriate when it is clear that no relief could be granted under any set of facts that could be proved consistent with Plaintiff's allegations. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). In considering this motion, the Court must accept as true the well-pleaded factual allegations in Plaintiff's complaint. (*Id*.). The Court does not have to accept as true legal conclusions or unwarranted factual inferences, however. (*Id*.).

Plaintiff is proceeding *pro se* and, in considering all of her claims, the Court is mindful that Plaintiff Tran, as the mother of the minor children, may not appear *pro se* on their behalf because any cause of action the children may have is their cause of action and not Tran's. *Shepherd v. Wellman*, 313 F.3d 963, 970-71 (6th Cir. 2002) (28 U.S.C. § 1654 does not permit plaintiffs to appear *pro se* where interests other than their own are at stake). In her Response, Plaintiff states that she is not representing the interests of her children. (Docket no. 33 at 5).

---

[2] To the extent that Plaintiff seeks to initiate criminal charges against Defendants, she as a private citizen has no standing to bring an action for an alleged violation of the criminal code. *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989); *Holland v. O'Hair,* 145 F.3d 1331 (6th Cir. Mar. 26, 1998) (unpublished).

To establish a violation of 42 U.S.C. § 1983, a plaintiff must show that defendants violated a right secured by the federal constitution or laws and must show that the deprivation was committed by someone acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Section 1985 pertains to conspiracies to interfere with civil rights, and under section 1985(3) Plaintiff must allege a conspiracy motivated by a class-based animus. *Lorenzi v. Lorenzi*, 44 Fed. App'x 683 (6th Cir. 2002).

   C.   *Analysis*

      1.   *Issue and Claim Preclusion*

Under the doctrine of claim preclusion, "a final judgment on the merits in an action precludes a party from bringing a subsequent lawsuit on the same claim or raising a new defense to defeat a prior judgment." *Mitchell v. Chapman*, 343 F.3d 811, 819 (6th Cir. 2003). It precludes relitigating a claim previously adjudicated as well as litigating a claim or defense that should have been raised, but was not, in the prior suit. (*Id.*). The four elements which must be present for claim preclusion are: (1) the prior decision was a decision on the merits; (2) the present action is between the same parties or their privies; (3) the claim in the present action should have been litigated in the prior action; and (4) an identity exists between the prior and present actions. (*Id.*). Issue preclusion refers to the foreclosure of an issue previously litigated. *Migra v. Warren City Sch. Dist. Bd. Of Educ.*, 465 U.S. 75, 77 n.1 (1984).

In the prior action the district court accepted this Court's Recommendation to dismiss the claims of federal civil rights violations against Defendant Carmine DeVivo because Plaintiffs had failed to state a claim for relief against him. (No. 06-13572, docket nos. 115, 137). A dismissal for failure to state a claim is an adjudication on the merits. *Federated Dep't Stores v. Moitie*, 452 U.S. 394, 399 n.3 (1981). An identity exists between the two actions because they are both based on the same general facts. Also,

there is no reason shown why Plaintiff could not have raised all of the claims in this action in the earlier action.[3]

The final question is therefore whether the two actions are between the same parties or their privies. In the previous Complaint Plaintiffs named Defendant DeVivo only. Plaintiffs named him in his "official capacity of Orchards Children's Services." However, because Plaintiff alleges that Orchards is a private, non-profit entity, DeVivo is not a state or local government employee. He therefore has no "official capacity" in which to be sued. *See Ellibee v. Leonard*, 226 Fed. App'x 351, *5 (5th Cir. 2007) ("the record shows that the defendants were employees of private companies, not a state or local government, so the defendants had no official capacities in which they could be sued."). The same is true for Defendants Johnson and White. Therefore, Plaintiff's official capacity designation of Defendants has no bearing on this analysis. DeVivo was therefore a party in the previous suit and is one in this action. However, the remaining three Defendants of the OCS Defendants were not named in Plaintiff's previous action.

The Sixth Circuit has, however, recognized that identity of the parties is not absolutely necessary when litigants bring repeated actions upon the same operative facts with slight change in legal theories and defendants. *See Randles v. Gregart*, 965 F.2d 90, 93 (6th Cir. 1992). In that case, the court affirmed the dismissal of a complaint on res judicata grounds even though two of the named defendants were not named in the earlier action. This doctrine is known as nonmutual claim or issue preclusion. *See also Habtemariam v. Adrian*, 1999 WL 455326 (6th Cir. 1999) (unpublished); *Hazzard v. Weinberger*, 382 F. Supp. 225, 226-29 (S.D.N.Y. 1974).

---

[3] Plaintiff did not raise the present state tort claims in the earlier action. However, there is no showing that she could not have raised them in that action. Plaintiff raised other state law claims which were dismissed without prejudice.

Nonmutual claim or issue preclusion precludes suit against Defendants Orchard Children's Services, Lisa Johnson and Felicia White. Ten of the twenty-three Defendants named in this action were named in the prior action. Moreover, many of the other Defendants are either employees of a previously named defendant or an agency where its employees were previously named as defendants. The operative facts are the same in the two cases. Although the legal theories upon which Plaintiff sues differ on some points, many are the same. The factual allegations of the two Complaints at issue are virtually identical with respect to the OCS Defendants. In the earlier Complaint Plaintiffs did not identify Johnson or White by name on all of the allegations against them and instead used the term "OCS worker" or the like. Nevertheless, the factual allegations are the same. Accordingly, the doctrines of preclusion bar Plaintiff's claims against the OCS Defendants.

### 2. *Abstention and Jurisdiction*

In her Response, Plaintiff argues that the federal courts should abstain from deciding the issues of this case and remand the case to state court. However, she fails to show a valid basis for abstaining. This Court has jurisdiction over the present Defendants and subject matter because Plaintiff is proceeding under 42 U.S.C. § 1983 and 1985. Moreover, although Plaintiff has now filed a Motion to Remand pursuant to 28 U.S.C. § 1447(c), it was not filed within the time period allowed by statute.

In summary, Defendants Carmine DeVivo, Orchards Children's Services, Lisa Johnson, and Felicia White's Motion to Dismiss should be granted because all claims against them are barred by preclusion. Plaintiff has also failed to sufficiently allege a conspiracy or a class-based animus as is required for a successful section 1985 claim. *See Lorenzi*, 44 Fed. App'x 683.

### III.  **NOTICE TO PARTIES REGARDING OBJECTIONS:**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. §

636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: November 20, 2007         s/ Mona K. Majzoub
                                 MONA K. MAJZOUB
                                 UNITED STATES MAGISTRATE JUDGE


**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Beverly Tran and Counsel of Record on this date.

Dated: November 20, 2007         s/ Lisa C. Bartlett
                                 Courtroom Deputy