**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**BEVERLY TRAN,**

           **Plaintiff,**                **CIVIL ACTION NO. 07-CV-13232-DT**

    **vs.**

                                    **DISTRICT JUDGE BERNARD A. FRIEDMAN**

**MICHIGAN DEP'T OF**           **MAGISTRATE JUDGE MONA K. MAJZOUB**
**HUMAN SERVS., et al.,**

           **Defendants.**

_____/

**REPORT AND RECOMMENDATION**

**I.**    **RECOMMENDATION:** Defendant Hugh R. Marshall's Motion to Dismiss and/or For

Summary Judgment filed on October 18, 2007 (docket no. 32) should be **GRANTED**.

**II.**    **REPORT**:

    *A.*    *Procedural History, Facts, and Claims*

    This is the second action filed by Plaintiff alleging federal civil rights violations and state law

claims against a multitude of defendants. Final judgment has been entered against Plaintiff in the earlier

action, and Plaintiff's appeal period has expired. *See Tran v. Michigan Dep't of Human Servs.*, No. 06-CV-

13572 (E.D. Mich. Mar. 1, 2007). Both actions involve the same general factual allegations. Plaintiff

alleges that her rights (and at least in the earlier action the rights of her minor two children, A.R. and

L.T.) were violated when her sons were taken out of her care by the Michigan state authorities in 2002

and during the ensuing actions she took to regain custody and otherwise protect her children.[1] (Docket

no. 1). The present action was filed originally in state court in July 2007 and then removed to federal

---

[1] This Court in its Recommendation in the previous case construed Plaintiffs' Complaint to raise claims of violations of the Civil Rights of Institutionalized Persons Act, Individuals with Disability Education Act, Health Insurance Portability and Accountability Act, civil rights statutes including 42 U.S.C. § 1983 and 1985, and criminal statutes. (No. 06-13572, docket no. 115). Plaintiffs also raised two state law claims but do not raise them now.

court on August 2, 2007. Plaintiff filed her Complaint pursuant to 42 U.S.C. §§ 1983 and 1985. (*Id.* ¶ 1).

Plaintiff names 23 Defendants in her Complaint. (Docket no. 1). Included as a Defendant is Hugh R. Marshall, "in his personal and official capacity as Guardian Ad Litem."[2] (*Id.* ¶ 10). Plaintiff alleges that Defendant Marshall failed to file "incident injury reports" with the State after Plaintiff's son, A.R., suffered a head injury on December 17, 2002 while he was at a children's shelter. (*Id.* ¶ 55). Defendant also allegedly failed to inform Plaintiff of this injury. (*Id.* ¶ 56). Plaintiff also alleges that Defendant Marshall "never failed to protect A.R.," yet "possessed the authority to release A.R. from incarceration to Plaintiff and never did so." (*Id.* ¶¶ 171, 172). Finally, Plaintiff alleges that Defendant Marshall "recommended termination of parental rights of Plaintiff without cause." (*Id.* ¶ 239). Plaintiff alleged many of these same facts on page 5 of her original Complaint although Defendant Marshall was not named as a Defendant or in the body of Plaintiff's original Complaint.

Plaintiff raises 18 counts in her Complaint. Each count names almost all Defendants and alleges that they committed the acts complained of "whether knowingly or willfully, in concert, or done individually within the scope of their authority under color off [sic] state law." (*Id.* Count 1). Count 1 alleges Negligence and Gross Negligence. Counts 2 and 3 allege Malicious Prosecution. Count 4 alleges Breach of Duty to Public Policy. Count 5 alleges Breach of Implied Contract. Count 6 alleges Breach of Fiduciary Duty. Count 7 alleges Malicious Abuse of Power. Count 8 alleges Breach of Oath of Office. Count 9 alleges Fraudulent Alienation. Count 10 alleges Liable [sic]. Count 11 alleges Slander. Count 12 alleges a Due Process violation. Count 13 alleges Unreasonable Search and Seizure. Count

---

[2] Plaintiff has not alleged or shown that Defendant Marshall is employed by a state or local government. Therefore, he has no "official capacity" in which to be sued. *See Ellibee v. Leonard*, 226 Fed. App'x 351, *5 (5th Cir. 2007) ("the record shows that the defendants were employees of private companies, not a state or local government, so the defendants had no official capacities in which they could be sued.").

14 alleges Retaliation. Count 15 alleges Fraudulent Conversion. Count 16 alleges Conspiracy. Count

17 alleges Deprivation of Religious Freedom. Count 18 alleges Obstruction of Justice.[3] Counts 19-22

allege injury and damages. Defendant Marshall is omitted from Counts 5, 7, 8, and 14.

Defendant moves for summary judgment or to dismiss. (Docket no. 32). He argues that this

action is barred by his absolute quasi-judicial immunity, collateral estoppel, and that Plaintiff has

otherwise failed to state a claim upon which relief may be granted. (*Id.*). Plaintiff responded on October

29, 2007. (Docket no. 35). All pretrial matters have been referred to the undersigned for decision.

(Docket no. 3). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e). This matter

is now ready for ruling.

> B.      *Standard of Review*

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories,

and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any

material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P.

56(c). The moving party has the burden of showing an absence of evidence to support the non-moving

party's case. *Covington v. Knox County Sch. Sys.*, 205 F.3d 912, 915 (6th Cir. 2000). Once the moving party

has met its burden of production, the non-moving party must come forward with significant probative

evidence showing that a genuine issue exists for trial. *Id.* A mere scintilla of evidence is insufficient to

defeat a supported motion for summary judgment; rather, "there must be evidence on which the jury

could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252

(1986). While the evidence itself need not be the sort admissible at trial, the evidence must be more

than the non-movant's own pleadings. *Ashbrook v. Block*, 917 F.2d 918, 921 (6th Cir. 1990); *see also Street*

---

[3] To the extent that Plaintiff seeks to initiate criminal charges against Defendants, she as a private citizen has no standing to bring an action for an alleged violation of the criminal code. *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989); *Holland v. O'Hair,* 145 F.3d 1331 (6th Cir. Mar. 26, 1998) (unpublished).

*v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6ᵗʰ Cir. 1989) (explaining that the non-moving party may not

rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact).

Dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6) is appropriate when it is clear

that no relief could be granted under any set of facts that could be proved consistent with Plaintiff's

allegations. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6ᵗʰ Cir. 1987). In considering this motion,

the Court must accept as true the well-pleaded factual allegations in Plaintiff's complaint. (*Id.*). The

Court does not have to accept as true legal conclusions or unwarranted factual inferences, however.

(*Id.*).

Plaintiff is proceeding *pro se* and, in considering all of her claims, the Court is mindful that

Plaintiff Tran, as the mother of the minor children, may not appear *pro se* on their behalf because any

cause of action the children may have is their cause of action and not Tran's. *Shepherd v. Wellman*, 313

F.3d 963, 970-71 (6ᵗʰ Cir. 2002) (28 U.S.C. § 1654 does not permit plaintiffs to appear *pro se* where

interests other than their own are at stake). In her Response, Plaintiff states that she is not representing

the interests of her children. (Docket no. 35 at 14).

To establish a violation of 42 U.S.C. § 1983, a plaintiff must show that defendants violated a

right secured by the federal constitution or laws and must show that the deprivation was committed by

someone acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Section 1985 pertains to conspiracies to interfere with civil rights, and under section 1985(3)

Plaintiff must allege a conspiracy motivated by a class-based animus. *Lorenzi v. Lorenzi*, 44 Fed. App'x

683 (6ᵗʰ Cir. 2002).

C.      *Analysis*

1.      *Immunity on Federal Claims*

Defendant Marshall argues that as a guardian ad litem he is protected by absolute quasi-judicial

immunity on all claims against him. There is no dispute that Defendant Marshall acted as the guardian

ad litem for Plaintiff's children. All of the allegations against Defendant Marshall relate to his role as

guardian ad litem. The Sixth Circuit has recognized that under federal law persons serving as a guardian

ad litem must act in the best interest of the child and are "squarely within the judicial process to

accomplish that goal." *Kurzawa v. Mueller*, 732 F.2d 1456, 1458 (6th Cir. 1984). They "must also be able

to function without the worry of possible later harassment and intimidation from dissatisfied parents."

(*Id.*). Persons serving as a guardian ad litem are therefore entitled to "a grant of absolute immunity."

(*Id.*). It is therefore clear that Defendant Marshall is entitled to absolute immunity on Plaintiff's federal

civil rights claims. (*Id.*). *See also Yee v. Michigan Supreme Ct.*, 2007 WL 214261 (E.D. Mich. Jan. 24, 2007)

(granting motion to dismiss filed by attorney guardian ad litem based on absolute quasi-judicial

immunity).

Plaintiff claims that Defendant is not entitled to immunity based on Michigan state law. (Docket

no. 35). She also contends that immunity should not shield Defendant because he allegedly conspired

to violate Plaintiff's rights, and because he is not being represented by the State Attorney General.

(Docket no. 35). Plaintiff provides no authority showing that representation by the State Attorney

General is a prerequisite for claiming immunity, and the Court knows of none. Plaintiff also fails to

allege sufficient facts showing a conspiracy that involved Defendant Marshall. Moreover, it is doubtful

that a simple conspiracy would abrogate the immunity on the federal claims because immunity shields

an actor even if his acts were done with malice. *See Briscoe v. LaHue*, 460 U.S. 325, 332 (1983). Finally,

whether state law affords Defendant Marshall immunity is a separate issue from whether he is entitled

to immunity on the federal law claims.

Plaintiff also seeks various types of injunctive relief. (Docket no. 1, Complaint at 71). However,

such relief is not proper against Defendant Marshall based his role as guardian ad litem and based on

the very limited factual allegations made against him in Plaintiff's Complaint.

      2.     *State Law Claims*

Because all federal claims against Defendant Marshall will be dismissed, this Court should dismiss without prejudice any state law claims against this Defendant. *See* 28 U.S.C. § 1367(c)(3) (allowing courts to decline supplemental jurisdiction over claims when court has dismissed all claims arising under original jurisdiction).

      3.     *Abstention and Jurisdiction*

In her Response, Plaintiff argues that the federal courts should abstain from deciding the issues of this case and remand the case to state court. However, she fails to show a valid basis for abstaining. This Court has jurisdiction over the present Defendant and subject matter because Plaintiff is proceeding under 42 U.S.C. § 1983 and 1985. Moreover, although Plaintiff has now filed a Motion to Remand pursuant to 28 U.S.C. § 1447(c), it was filed after the period allowed by statute.

## III.    <u>NOTICE TO PARTIES REGARDING OBJECTIONS:</u>

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: November 29, 2007          s/ Mona K. Majzoub
                                             MONA K. MAJZOUB
                                             UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Beverly Tran and Counsel of Record on this date.

Dated: November 29, 2007          s/ Lisa C. Bartlett
                                             Courtroom Deputy