**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**BEVERLY TRAN,**

        **Plaintiff,**                **CIVIL ACTION NO. 07-CV-13232-DT**

vs.

                                    **DISTRICT JUDGE BERNARD A. FRIEDMAN**

**MICHIGAN DEP'T OF**        **MAGISTRATE JUDGE MONA K. MAJZOUB**
**HUMAN SERVICES, et al.,**

        **Defendants.**
_____/

## REPORT AND RECOMMENDATION

**I.**    **RECOMMENDATION:** Plaintiff's Motions for Entry of Default (docket nos. 40, 41, 42, 43, 44, 45, 46, 47) should be **DENIED**.

**II.**    **REPORT:**

    *A.*    *Factual Background*

Plaintiff filed eight Motions for Entry of Default on November 7, 2007. (Docket nos. 40, 41, 42, 43, 44, 45, 46, 47). Plaintiff seeks the entry of default judgment pursuant to Fed. R. Civ. P. 55(b)(2) (entry of default judgment), rather than an entry of default under Rule 55(a). Therefore, the Court will consider these Motions as Motions for Default Judgment. Defendants Gibson, Jackson, Ramsey, Keck, and Foster Care Review Board have filed a Response. (Docket no. 61). The time for the remaining Defendants to respond has now expired. The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e). These matters are now ready for ruling.

*B.     Standard*

The plaintiff bears the burden of showing that the defendant against whom the plaintiff is seeking default judgment has been properly served. *Keller v. Owens*, 2007 WL 2702947 (D. Kan. Sept. 14, 2007) (unpublished); *Everetson v. Topeka Ass'n For Retarded Citizens*, 2005 WL 2988716 (D. Kan. Oct. 11, 2005) (unpublished). Rule 4(e), Fed. R. Civ. P., provides that service upon an individual may be obtained "pursuant to the law of the state in which the district court is located" or by delivering a copy of the summons and of the complaint to the individual personally, by leaving copies thereof at the individual's dwelling house or usual place of abode, or by delivering a copy of the summons and complaint to an authorized agent. The law of the State of Michigan allows service on an individual personally or by sending a copy of the summons and complaint by registered or certified mail, return receipt requested, and delivery restricted to the addressee. Mich. Court Rule 2.105(A). Service is made when the defendant acknowledges receipt of the mail. (*Id.*).

*C.     Analysis*

Plaintiff has failed to carry her burden of showing that the Defendants have been properly served. *See Keller*, 2007 WL 2702947. In docket no. 40, Plaintiff seeks judgment against "Jack Kemp." Defendants state that the person's name is properly spelled Jack Keck. (Docket no. 52). Plaintiff states that copies of the summons and complaint were served by mail at "Defendant's place of business." (Docket no. 40). Plaintiff has failed to allege or show that she served Defendant Keck properly under either Rule 4 or the Michigan Court Rules. Therefore, Plaintiff's Motion for Default against Defendant Kemp or Keck should be denied.

In docket no. 41, Plaintiff seeks judgment against Defendant Shelia Gibson. Plaintiff states that copies of the summons and complaint were served on Defendant by mail at "Defendant's place of business." (Docket no. 41). Plaintiff has again failed to allege or show that she served Defendant

Gibson properly under either Rule 4 or the Michigan Court Rules. Moreover, in her Motion to Dismiss, Defendant Gibson attaches a copy of the return receipt which confirms that delivery of this mail was not in compliance with the above cited rules. (Docket no. 52). Therefore, Plaintiff's Motion for Default against Defendant Gibson should be denied.

In docket no. 42, Plaintiff seeks judgment against Defendant Michael Reizen. Plaintiff states that copies of the summons and complaint were served on Defendant by mail at "Defendant's place of business." (Docket no. 42). Plaintiff has again failed to allege or show that she served Defendant Reizen properly under either Rule 4 or the Michigan Court Rules. Therefore, Plaintiff's Motion for Default against Defendant Reizen should be denied.

In docket no. 43, Plaintiff seeks judgment against Defendant Foster Care Review Board. Plaintiff states that copies of the summons and complaint were served by mail on Defendant at "Defendant's place of business." (Docket no. 43). Plaintiff has again failed to show that she served Defendant Foster Care Review Board properly under either Rule 4 or the Michigan Court Rules. Therefore, Plaintiff's Motion for Default against Defendant Foster Care Review Board should be denied.

In docket no. 44, Plaintiff seeks judgment against Defendant Lorrainne Jackson. Plaintiff states that copies of the summons and complaint were served by mail on Defendant Jackson at "Defendant's place of business." (Docket no. 44). Plaintiff has again failed to allege or show that she served Defendant Jackson properly under either Rule 4 or the Michigan Court Rules. Moreover, Defendant Jackson in her Motion to Dismiss attaches a copy of the return receipt which confirms that the mail was not in compliance with the rules cited above. Therefore, Plaintiff's Motion for Default against Defendant Jackson should be denied.

In docket no. 45, Plaintiff seeks judgment against Defendant Evan Allen. Plaintiff states that copies of the summons and complaint were served by mail on Defendant Allen at "Defendant's place of business." (Docket no. 45). Plaintiff has again failed to allege or show that she served Defendant Allen properly under either Rule 4 or the Michigan Court Rules. Therefore, Plaintiff's Motion for Default against Defendant Allen should be denied.

In docket no. 46, Plaintiff seeks judgment against Defendant Denby Salvation Army. Plaintiff states that copies of the summons and complaint were served by mail on Defendant at "Defendant's place of business." (Docket no. 46). Plaintiff has again failed to show that she served Defendant Denby Salvation Army properly under either Rule 4 or the Michigan Court Rules. Therefore, Plaintiff's Motion for Default against Defendant Denby Salvation Army should be denied.

In docket no. 47, Plaintiff seeks judgment Defendant Kelly Ramsey. Plaintiff states that copies of the summons and complaint were served by mail on Defendant Ramsey at "Defendant's place of business." (Docket no. 47). Plaintiff has again failed to allege or show that she served Defendant Ramsey properly under either Rule 4 or the Michigan Court Rules. Therefore, Plaintiff's Motion for Default against Defendant Ramsey should be denied.

### III.    NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might

have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: December 12, 2007            s/ Mona K. Majzoub
                                          MONA K. MAJZOUB
                                          UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Beverly Tran and Counsel of Record on this date.

Dated: December 13, 2007            s/ Lisa C. Bartlett
                                          Courtroom Deputy