**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**BEVERLY TRAN,**

       **Plaintiff,**              **CIVIL ACTION NO. 07-CV-13232-DT**

vs.

                               **DISTRICT JUDGE BERNARD A. FRIEDMAN**

**MICHIGAN DEP'T OF**       **MAGISTRATE JUDGE MONA K. MAJZOUB**
**HUMAN SERVICES, et al.,**

       **Defendants.**
_____/

## REPORT AND RECOMMENDATION

**I.    RECOMMENDATION:**    Plaintiff's Motion for Remand to State Court Pursuant to 28 U.S.C. § 1446 (docket no. 38) should be **DENIED**.

**II.    REPORT:**

    **A.    Facts and Procedural History**

This matter comes before the Court on Plaintiff's Motion for Remand to State Court Pursuant to 28 U.S.C. § 1446 filed on November 2, 2007. (Docket no. 38). Defendants Kathy Breen & St. Vincent Sarah Fisher have filed a Response brief. (Docket no. 62). The time for filing any other responses has now expired. The Court dispenses with oral argument on this Motion pursuant to E.D. Mich. LR 7.1(e). All pretrial matters have been referred to the undersigned for a decision. (Docket no. 3). This is a dispositive motion requiring a Recommendation to the district court. *Vogel v. U.S. Office Prods. Co.*, 258 F.3d 509 (6th Cir. 2001).

The notice of removal in this action was filed on August 2, 2007. (Docket no. 1). Plaintiff claims that her Complaint asserts no federal claims and that this Court lacks federal subject matter

-1-

jurisdiction. (Docket no. 38 at 4). Plaintiff further claims that remand is warranted because of procedural irregularities in the removal process such as that all Defendants did not join in the removal petition. (*Id.* at 7-13). Finally, Plaintiff argues that this Court should decline to exercise supplemental jurisdiction over her state claims under 28 U.S.C. § 1367. (*Id.* at 14).

**B.     Standard**

The procedures after removal are governed by 28 U.S.C. § 1447. Subsection (c) provides that a "motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c). This 30-day limit is strictly construed. *See In re Shell Oil Co.*, 932 F.2d 1523, 1528-29 (5th Cir. 1991); *Patton v. Noon*, 2007 WL 4225485 (N.D. Ohio Nov. 27, 2007).

**C.     Analysis**

The notice of removal in this action was filed on August 2, 2007, and Plaintiff filed this Motion to Remand on November 2, 2007. Therefore, this Motion was not timely filed under 28 U.S.C. § 1447(c). It was filed three months rather than one month after the notice of removal was filed. Accordingly, Plaintiff may not rely on any ground other than lack of subject matter jurisdiction to remand this action. *See In re Shell Oil Co.*, 932 F.2d at 1528-29; *Patton*, 2007 WL 4225485.

Although Plaintiff contends that her Complaint states no federal claims, this Court cannot agree. The first sentence of her Complaint states that she is filing "this Civil Complaint pursuant to 42 U.S.C. §1983 and 1985" regarding the deprivation of her federal constitutional rights. (Docket no. 1). Plaintiff raises 22 counts in her Complaint and in every one relies on at least one federal statute, usually 42 U.S.C. § 1983. (*Id.*). Therefore, this Court may assert jurisdiction under 28 U.S.C. § 1331 which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws,

or treaties of the United States. Plaintiff's argument that this Court lacks subject matter jurisdiction should be rejected.

Finally, whether this Court should exercise supplemental jurisdiction over Plaintiff's state law claims is a question that may be determined as the appropriate motions to dismiss or for summary judgment are filed. The possibility that this Court may determine not to exercise supplemental jurisdiction does not deprive this Court of jurisdiction over the claims at this point in time. This is therefore no basis upon which to grant Plaintiff's Motion to Remand.

## III.  **NOTICE TO PARTIES REGARDING OBJECTIONS**:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to

the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: December 17, 2007

          s/ Mona K. Majzoub
          MONA K. MAJZOUB
          UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Bevery Tran and Counsel of Record on this date.

Dated: December 17, 2007

          s/ Lisa C. Bartlett
          Courtroom Deputy