UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BEVERLY TRAN,

    Plaintiff,

vs.

MICHIGAN DEPARTMENT OF
HUMAN SERVICES, et al.,

    Defendants.
_____/

Civil Action No.
07-CV-13232

HON. BERNARD A. FRIEDMAN

**OPINION AND ORDER ACCEPTING AND ADOPTING THE MAGISTRATE JUDGE'S DECEMBER 12, 2007, REPORT AND RECOMMENDATION INSOFAR AS CONSISTENT WITH THIS OPINION AND ORDER AND DENYING PLAINTIFF'S MOTIONS FOR ENTRY OF DEFAULT**

    This matter is presently before the Court on eight motions for "entry of default" filed by Plaintiff ("Plaintiff's motions") [docket entries 40-47]. Plaintiff seeks an entry of default against Defendants Keck, Gibson, Jackson, Ramsey, Reizen, Allen, Denby Salvation Army, and Foster Care Review Board. On December 12, 2007, Magistrate Judge Mona K. Majzoub issued a Report and Recommendation ("R&R"), in which she recommended that all eight motions be denied. Plaintiff filed objections on December 21, 2007. Plaintiff also filed eight separate motions "to correct harmless error," one as to each of the eight defendants listed above.

    The Court reviews *de novo* those portions of the R&R to which a specific objection

1

has been made. *See* FED. R. CIV. P. 72(b).[1]  The Court has had an opportunity to fully review this matter.  The Court agrees with the analysis conducted, and the conclusions reached, by Magistrate Judge Majzoub; but, for the reasons discussed in the following paragraph, the Court disagrees with Magistrate Judge Majzoub's recommendation that the Court treat Plaintiff's motions as motions under Federal Rule of Civil Procedure 55(b)(2) as opposed to motions under Rule 55(a).  The Magistrate Judge's decision to so construe Plaintiff's motions, however, has no bearing on her analysis or conclusions.  The Court will therefore accept and adopt the Magistrate Judge's R&R insofar as consistent with this Opinion and Order.

All eight of Plaintiff's motions are entitled "PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT."  However, in the body of each motion, Plaintiff cites Federal Rule of Civil Procedure 55(b)(2), which governs entry of default judgment by the court.  Plaintiff should have cited—and meant to cite—Rule 55(a), rather than Rule 55(b), in the body of her brief.  Because there must be an entry of default under Rule 55(a) before a party can obtain a default judgment under Rule 55(b)(1) or Rule 55(b)(2), and because Plaintiff asks for "ENTRY OF DEFAULT" as opposed to entry of default judgment, the Court declines to treat the present motions as motions for

---

[1] The Court is aware that there has been some litigation on the topic of whether a motion for entry of default is dispositive or non-dispositive in nature.  The dispositive vs. non-dispositive distinction can be important because if the motion is dispositive, the magistrate judge may issue only proposed findings and recommended dispositions, and the district judge must review the magistrate judge's recommendation under a *de novo* standard.  *See* FED. R. CIV. P. 72(b).  If the motion is non-dispositive, on the other hand, the magistrate judge may enter into the record an order setting forth the disposition of the matter, and such an order would be reviewable by the district judge under a "clearly erroneous" or "contrary to law" standard.  *See* FED. R. CIV. P. 72(a).

In the present case, while the motions for entry of default are probably dispositive, the Court need not decide the issue because the Court would reach the same result irrespective of the standard of review employed.  As such, the Court will review this matter under the much less deferential standard and conduct a *de novo* review of the issues presented.

2

entry of default judgment under Rule 55(b)(2). *See* 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER, AND MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2682, p. 13 (3d ed. 1998); *Dahl v. Kanawha Inv. Holding Co.*, 161 F.R.D. 673, 683 (N.D. Iowa 1995). The Court believes that *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and its progeny were meant to excuse technical deficiencies such as this one where Plaintiff is proceeding *pro se* and her intent is clear.

The Court's re-characterization of Plaintiff's motions as motions under Rule 55(a) rather than Rule 55(b), however, has no bearing on the analysis conducted, or the outcome reached, by Magistrate Judge Majzoub. The re-characterization means only that Plaintiff's motions are before the Court "on a proper procedural footing." *See Dahl*, 161 F.R.D. at 683. Plaintiff's motions must be denied for the reasons given by Magistrate Judge Majzoub in her R&R, and the Court accepts and adopts the Magistrate Judge's analysis in this respect entirely. According to Wright and Miller, "[a] default may be entered by the clerk . . . against a party who has failed to plead or otherwise defend." 10A WRIGHT, MILLER, AND KANE at § 2682, p. 13 (footnote omitted). "Before a default can be entered . . . the party [against whom judgment is sought] must have been effectively served with process." *Id*. at § 2682, p. 14 (footnote omitted). For the reasons set forth by Magistrate Judge Majzoub in her R&R, Plaintiff has failed to demonstrate that each of the defendants have been properly served. Entry of default against these defendants is therefore improper.

Moreover, "the court has discretion to grant additional time to a party to plead or otherwise defend." *Id*. at 2682, p. 15 (footnote omitted). The Court has exercised this discretion with respect to Defendants Denby Salvation Army and Allen. *See* docket entry 60. The Court also notes that Defendant Reizen has filed a Motion to Quash Service and to Deny Plaintiff's Motion for Default as Moot, and Defendants Gibson, Jackson, Ramsey, Keck, and Foster Care Review Board

3

have filed a Motion to Dismiss based on Rules 12(b)(1) and 12(b)(6). *See* docket entries 82 and 52.

The Court has not yet ruled on these motions. Finally,

> [u]nder modern procedure, defaults are not favored by the law and any doubts usually will be resolved in favor of the defaulting party. The reason for this attitude is that contemporary procedural philosophy encourages trial on the merits.

10A WRIGHT, MILLER, AND KANE at § 2681, p. 10 (footnotes omitted). Accordingly,

IT IS ORDERED that Magistrate Judge Majzoub's Report and Recommendation is accepted and adopted insofar as consistent with the foregoing.

IT IS FURTHER ORDERED that Plaintiff's eight motions for entry of default [docket entries 40-47] are denied.

\_\_\_\_s/Bernard A. Friedman_____
BERNARD A. FRIEDMAN
CHIEF UNITED STATES DISTRICT JUDGE

Dated: January 3, 2008

I hereby certify service of document to counsel of record on this date.

Carol L. Mullins
Case Manager