# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**BEVERLY TRAN,**

      **Plaintiff,**              **CIVIL ACTION NO. 07-CV-13232-DT**

   vs.

                                  **DISTRICT JUDGE BERNARD A. FRIEDMAN**

**MICHIGAN DEPT OF**        **MAGISTRATE JUDGE MONA K. MAJZOUB**
**HUMAN SERVICES., et al.,**

      **Defendants.**
_____/

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS

Plaintiff filed a "Motion for Sanctions of State Defendants Gibson, Keck, Kelly, Jackson, and Foster Care Review Board" on December 21, 2007. (Docket no. 84). No response has been filed to this motion. Pretrial motions have been referred to the undersigned for decision. (Docket no. 3). The Court dispenses with oral argument on this motion. E.D. Mich. LR 7.1(e). This motion is ready for ruling.

Plaintiff moves for sanctions pursuant to Fed. R. Civ. P. 11(b) based on the Defendants' filing of their "Notice of Appearance and Motion to Dismiss (August 22, 2007)." (Docket no. 84 at 1). The exact nature of the alleged Rule 11 violation is not clear from Plaintiff's motion. It apparently has to do with the Defendants' claims in their Motion to Dismiss that they have not been properly served with process in this action. (*Id.* at 1-2). Plaintiff served this Motion on Defendants on December 21, 2007, the same day that she filed her Motion for Sanctions with the Court, according to Plaintiff's Motion and the certificate of service. Exhibit A to Plaintiff's Motion is a copy of an email message purportedly sent by Plaintiff to Counsel Kuchek of the Michigan Department of Attorney General on November 29, 2007. In that email Plaintiff states that she

intends to file a Rule 11 motion and asks that Counsel "voluntarily remove the Motion to Dismiss and Adoption of Defendants Gibson, Keck, Kelly, Foster Care Review Board." (Docket no. 84, ex. A). Exhibit B to Plaintiff's Motion is a collection of 4 postal return receipts dated August 21, 2006. These receipts apparently relate to Plaintiff's claim that the Defendants were properly served with process in this action. (*Id*. ex. B).

Rule 11(c) imposes certain requirements before a proper motion for sanctions may be filed. One requirement is that the moving party serve the motion for sanctions as provided in Rule 5, but not file the motion with the Court unless, within 21 days after service of the motion, the challenged paper is not withdrawn or properly corrected. In *Ridder v. City of Springfield*, 109 F.3d 288, 297 (6th Cir. 1997), the court stated that "sanctions under Rule 11 are unavailable unless the motion for sanctions is served on the opposing party for the full twenty-one day 'safe harbor' period before it is filed with or presented to the court."

Plaintiff has not shown that she served her motion for sanctions on the opposing party for the 21 day safe harbor period before she filed her motion with the Court. She relies upon the email described above, but this email did not meet the Rule's requirements. The only certificate of service for her motion shows that it was served on Defendants on the same day that Plaintiff filed the motion with the Court. Accordingly, sanctions are not available.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Sanctions (docket no. 84) is **DENIED.**

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: March 24, 2008                     s/ Mona K. Majzoub
                                          MONA K. MAJZOUB
                                          UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Opinion and Order was served upon Beverly Tran and Counsel of Record on this date.

Dated: March 24, 2008                     s/ Lisa C. Bartlett
                                          Courtroom Deputy