**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**BEVERLY TRAN,**

       **Plaintiff,**          **CIVIL ACTION NO. 07-CV-13232-DT**

vs.

                               **DISTRICT JUDGE BERNARD A. FRIEDMAN**

**MICHIGAN DEPT OF**      **MAGISTRATE JUDGE MONA K. MAJZOUB**
**HUMAN SERVICES., et al.,**

       **Defendants.**
_____/

**REPORT AND RECOMMENDATION**

**I.**    **RECOMMENDATION:** Defendants The Salvation Army Edwin Denby Center for Children and Family Services and Evan Allen's Motion for Summary Judgment filed on December 10, 2007 (docket no. 68) should be **GRANTED**.

**II.**   **REPORT:**

       *A.*    *Procedural History, Facts, and Claims*

Plaintiff alleges that her rights were violated when her sons, A.R. and L.T., were taken out of her care by the Michigan state authorities in 2002 and during the ensuing actions she took to regain custody and otherwise protect her children. (Docket no. 1). The present action was filed originally in state court in July 2007 and then removed to federal court on August 2, 2007. Plaintiff filed her Complaint pursuant to 42 U.S.C. §§ 1983 and 1985. (*Id*. ¶ 1).

Plaintiff names 23 Defendants in her Complaint. (Docket no. 1). Included as Defendants are the Salvation Army Denby Center and an individual employee of the Center, Evan Allen. Plaintiff alleges that on August 20, 2002 her son, A.R., was placed in the Denby Center. (*Id*. Complaint ¶¶ 31-32). A.R. was allegedly subjected to physical aggression and neglect while at the

Center. (*Id*. ¶ 42). Evan Allen allegedly placed A.R. along with another boy in the girls' section. (*Id*. ¶ 43). A.R.'s head was shaved bald while he was at the Center, according to Plaintiff. (*Id*. ¶ 45). A.R. was allegedly injured in December 2002 but an injury report was not filed with the State. (*Id*. ¶ 55). Denby Center allegedly failed to return A.R.'s belongings and forced him to attend Catholic services. (*Id*. ¶¶ 63, 67). On January 21, 2003 A.R. was transferred to St. Vincent residential treatment program and did not return to Denby. (*Id*. ¶ 80).

Plaintiff raises 18 counts in her Complaint. Each count names almost all Defendants and alleges that they committed the acts complained of "whether knowingly or willfully, in concert, or done individually within the scope of their authority under color off [sic] state law." (*Id*. Count 1). Count 1 alleges Negligence and Gross Negligence. Counts 2 and 3 allege Malicious Prosecution. Count 4 alleges Breach of Duty to Public Policy. Count 5 alleges Breach of Implied Contract. Count 6 alleges Breach of Fiduciary Duty. Count 7 alleges Malicious Abuse of Power. Count 8 alleges Breach of Oath of Office. Count 9 alleges Fraudulent Alienation. Count 10 alleges Liable [sic]. Count 11 alleges Slander. Count 12 alleges a Due Process violation. Count 13 alleges Unreasonable Search and Seizure. Count 14 alleges Retaliation. Count 15 alleges Fraudulent Conversion. Count 16 alleges Conspiracy. Count 17 alleges Deprivation of Religious Freedom. Count 18 alleges Obstruction of Justice.[1] Counts 19-22 allege injury and damages. Counts 8, 12, and 14 omit both of these Defendants while Count 11 omits Defendant Denby Center.

Defendants move for summary judgment pursuant to Fed. R. Civ. P. 56(c). (Docket no. 68). They argue that this action is barred by the statute of limitation and that they are not state actors

---

[1] To the extent that Plaintiff seeks to initiate criminal charges against Defendants, she as a private citizen has no standing to bring an action for an alleged violation of the criminal code. *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989); *Holland v. O'Hair,* 145 F.3d 1331 (6th Cir. Mar. 26, 1998) (unpublished).

under section 1983. (*Id.*). Plaintiff was advised of her right to respond but has not done so. (Docket no. 92). All pretrial matters have been referred to the undersigned for decision. (Docket no. 3). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e). This matter is now ready for ruling.

  B. *Standard of Review*

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Covington v. Knox County Sch. Sys.*, 205 F.3d 912, 915 (6th Cir. 2000). Once the moving party has met its burden of production, the non-moving party must come forward with significant probative evidence showing that a genuine issue exists for trial. (*Id.*). A mere scintilla of evidence is insufficient to defeat a supported motion for summary judgment; rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). While the evidence itself need not be the sort admissible at trial, the evidence must be more than the non-movant's own pleadings. *Ashbrook v. Block*, 917 F.2d 918, 921 (6th Cir. 1990); *see also Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989) (explaining that the non-moving party may not rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact).

Plaintiff is proceeding *pro se* and, in considering all of her claims, the Court is mindful that Plaintiff Tran, as the mother of the minor children, may not appear *pro se* on their behalf because any cause of action the children may have is their cause of action and not Tran's. *Shepherd v.*

*Wellman*, 313 F.3d 963, 970-71 (6th Cir. 2002) (28 U.S.C. § 1654 does not permit plaintiffs to appear *pro se* where interests other than their own are at stake).

To establish a violation of 42 U.S.C. § 1983, a plaintiff must show that defendants violated a right secured by the federal constitution or laws and must show that the deprivation was committed by someone acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Section 1985 pertains to conspiracies to interfere with civil rights, and under section 1985(3) Plaintiff must allege a conspiracy motivated by a class-based animus. *Lorenzi v. Lorenzi*, 44 Fed. App'x 683 (6th Cir. 2002).

    C.    *Analysis*

        1.    *Statute of Limitation on Federal Claims*

Defendants argue that Plaintiff's claims are barred by the three-year statute of limitation period under section 1983 and section 1985. Section 1983 draws its limitation period from state law, and in Michigan the three-year limitation period for general personal injuries applies. *Mich. Comp. Laws* § 600.5805(10); *McCune v. City of Grand Rapids*, 842 F.2d 903, 905 (6th Cir. 1988). The allegations against Defendants Denby Center and Evan Allen run from August 20, 2002 until January 21, 2003. (Docket no. 1, Complaint ¶¶ 31-32, 80). Judged from these dates, the three-year limitation period had expired by the time Plaintiff filed suit in July 2007. Plaintiff has failed to show that any other dates should be used as an accrual date for the running of her limitation period.[2] Therefore, Plaintiff's federal civil rights claims[3] should be dismissed against both Defendants

---

[2] To the extent that Plaintiff alleges a conspiracy among the Defendants, she has failed to state specific facts showing a conspiracy involving these two Defendants. *See Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987).

[3] The same limitation period applies to Plaintiff's section 1985 claims. *See Baker v. Smith*, 72 Fed. App'x 339 (6th Cir. 2003).

because her claims are barred by the statute of limitation. Plaintiff has also failed to sufficiently allege a conspiracy or a class-based animus as is required for a successful section 1985 claim. *See Lorenzi*, 44 Fed. App'x 683.

### 2. *Statute of Limitation on State Law Claims*

The applicable statute of limitation for claims of assault, battery or false imprisonment is two years. *Mich. Comp. Laws* § 600.5805(2). The same period of limitation applies to claims of malicious prosecution. (*Id.* (5)). The limitation period for claims of libel or slander is one year. (*Id.* (9)). For all other actions to recover damages for injury to a person or property the limitation period is three years. (*Id.* (10)). Plaintiff has failed to show that any limitation period longer than three years is applicable to any of her claims. Therefore, just as for the federal claims, this period expired before Plaintiff filed her Complaint. Plaintiff's state law claims against these Defendants should be dismissed.[4]

## III. NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*,

---

[4] Due to this and the above finding, the Court will not address Defendants' argument that they are not state actors for the purposes of 42 U.S.C. § 1983.

829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: March 24, 2008                               s/ Mona K. Majzoub
                                                    MONA K. MAJZOUB
                                                    UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Beverly Tran and Counsel of Record on this date.

Dated:  March 24, 2008                              s/ Lisa C. Bartlett
                                                    Courtroom Deputy