UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**BEVERLY TRAN,**

       **Plaintiff,**          **CIVIL ACTION NO. 07-CV-13232-DT**

  vs.

                             **DISTRICT JUDGE BERNARD A. FRIEDMAN**

**MICHIGAN DEPT OF**        **MAGISTRATE JUDGE MONA K. MAJZOUB**
**HUMAN SERVICES, et al.,**

       **Defendants.**
_____/

## REPORT AND RECOMMENDATION

**I.**    **RECOMMENDATION:** The State of Michigan Defendants' Motion to Dismiss and Motion to Enlarge Time to File First Responsive Pleading (docket no. 13) should be **GRANTED.** All claims against these Defendants should be dismissed with the state law claims being dismissed without prejudice.

**II.**    **REPORT:**

    **A.**    **Facts, Procedural History, and Claims**

This matter comes before the Court on the State of Michigan Defendants' Motion to Dismiss and Motion to Enlarge Time to File First Responsive Pleading filed on August 22, 2007. (Docket no. 13). Plaintiff has filed a Response to this Motion. (Docket no. 31). All pretrial matters have been referred to the undersigned for a decision. (Docket no. 3). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e). This matter is now ready for ruling.

This is the second action filed by Plaintiff alleging federal civil rights violations and state law claims against a multitude of defendants. Final judgment has been entered against Plaintiff in the earlier action, and Plaintiff's appeal period has expired. *See Tran v. Michigan Dep't of Human Servs.*, No. 06-CV-13572 (E.D. Mich. Mar. 1, 2007). Both actions involve the same general factual allegations. Plaintiff alleges that her rights (and at least in the earlier action the rights of her minor two children, A.R. and L.T.) were violated when her sons were taken out of her care by the Michigan state authorities in 2002 and during the ensuing actions she took to regain custody and otherwise protect her children.[1] (Docket no. 1). The present action was filed originally in state court in July 2007 and then removed to federal court on August 2, 2007. Plaintiff filed her Complaint pursuant to 42 U.S.C. §§ 1983 and 1985. (*Id.* ¶ 1).

Plaintiff names 23 Defendants in her Complaint. (Docket no. 1). Included as Defendants are the Michigan Department of Human Services; James Novell, in his personal and official capacity as a manager for the Michigan Supreme Court Foster Care Review Board; Cynthia Nunez, in her personal and official capacity as a Michigan Assistant Attorney General; Marianne Udow, in her personal and official capacity as the Director of the Michigan Department of Human Services; and the Wayne County Department of Human Services.[2] (*Id.*, Complaint at 1-5).

The specific allegations against these Defendants are contained in paragraphs 173 through 320 of Plaintiff's Complaint. (Docket no. 1). The allegations against Defendant Udow concern her

---

[1] This Court in its Recommendation in the previous case construed Plaintiffs' Complaint to raise claims of violations of the Civil Rights of Institutionalized Persons Act, Individuals with Disability Education Act, Health Insurance Portability and Accountability Act, civil rights statutes including 42 U.S.C. § 1983 and 1985, and criminal statutes. (No. 06-13572, docket no. 115). Plaintiffs also raised two state law claims, but Plaintiff does not raise them now.

[2] The Wayne County Department of Human Services has been dropped as a Defendant. (Docket no. 91).

refusal to expunge Plaintiff's name from the Central Registry of Abuse and Neglect. (*Id.*, Complaint, ¶¶ 308-16). The allegations against Defendant Nunez deal with her recommendation that Plaintiff's parental rights be terminated and her continuation of "the prosecution" without cause. (*Id.* ¶¶ 173, 174, 240, 264). Defendant Novell allegedly generated erroneous findings for the Foster Care Review Board and submitted the findings to the wrong judge. (*Id.* ¶¶ 267-82). There are no specific allegations against Defendant State of Michigan DHS.

Plaintiff raises 18 counts in her Complaint. Each count names almost all Defendants and alleges that they committed the acts complained of "whether knowingly or willfully, in concert, or done individually within the scope of their authority under color off [sic] state law." (*Id.* Count 1). Count 1 alleges Negligence and Gross Negligence. Counts 2 and 3 allege Malicious Prosecution. Count 4 alleges Breach of Duty to Public Policy. Count 5 alleges Breach of Implied Contract. Count 6 alleges Breach of Fiduciary Duty. Count 7 alleges Malicious Abuse of Power. Count 8 alleges Breach of Oath of Office. Count 9 alleges Fraudulent Alienation. Count 10 alleges Liable [sic]. Count 11 alleges Slander. Count 12 alleges a Due Process violation. Count 13 alleges Unreasonable Search and Seizure. Count 14 alleges Retaliation. Count 15 alleges Fraudulent Conversion. Count 16 alleges Conspiracy. Count 17 alleges Deprivation of Religious Freedom. Count 18 alleges Obstruction of Justice.[3] Counts 19-22 allege injury and damages. The Michigan Department of Human Services is not named in any count. Counts 5, 7, and 14 omit in addition to

---

[3] To the extent that Plaintiff seeks to initiate criminal charges against Defendants, she as a private citizen has no standing to bring an action for an alleged violation of the criminal code. *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989); *Holland v. O'Hair,* 145 F.3d 1331 (6th Cir. Mar. 26, 1998) (unpublished).

the State DHS Defendants Nunez and Novell. Count 8 omits Defendant Novell, the Wayne County DHS, and the State DHS. Count 11 names only Defendant Nunez.

### B. Standard of Review

Dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6) is appropriate when it is clear that no relief could be granted under any set of facts that could be proved consistent with Plaintiff's allegations. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). In considering this motion, the Court must accept as true the well-pleaded factual allegations in Plaintiff's complaint. (*Id.*). The Court does not have to accept as true legal conclusions or unwarranted factual inferences, however. (*Id.*).

Under Fed. R. Civ. P. 12(b)(1), the Plaintiff has the burden of proving jurisdiction in order to survive the motion. *Moir v. Greater Cleveland Reg'l Transit Auth.,* 895 F.2d 266, 269 (6th Cir. 1990). In a Rule 12(b)(1) challenge to jurisdiction, the Court is empowered to decide issues of fact. (*Id.*).

Plaintiff is proceeding *pro se* and, in considering all of her claims, the Court is mindful that Plaintiff Tran, as the mother of the minor children, may not appear *pro se* on their behalf because any cause of action the children may have is their cause of action and not Tran's. *Shepherd v. Wellman*, 313 F.3d 963, 970-71 (6th Cir. 2002) (28 U.S.C. § 1654 does not permit plaintiffs to appear *pro se* where interests other than their own are at stake).

To establish a violation of 42 U.S.C. § 1983, a plaintiff must show that defendants violated a right secured by the federal constitution or laws and must show that the deprivation was committed by someone acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Section 1985 pertains to conspiracies to interfere with civil rights, and under section 1985(3) Plaintiff must allege a conspiracy motivated by a class-based animus. *Lorenzi v. Lorenzi*, 44 Fed. App'x 683 (6th Cir. 2002).

### C. State of Michigan Department of Human Services

Plaintiff failed to name the State of Michigan Department of Human Services in any of the Counts of her Complaint. In addition, Plaintiff failed to allege any specific factual allegations against this entity. Moreover, this state agency is not a "person" under section 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65-66 (1989). Plaintiff has also failed to make any specific allegations of a class-based conspiracy under section 1985. *See Farhat v. Jopke*, 370 F.3d 580, 599 (6th Cir. 2004) (claims of civil conspiracy must be pled with specificity; vague and conclusory allegations unsupported by material facts not sufficient to state a claim); *Lorenzi*, 44 Fed. App'x 683. Accordingly, the Michigan State Department of Human Services should be dismissed.

### D. Director Udow

Director Udow of the State of Michigan Department of Human Resources is a state official. She is considered to be the same as the state agency when sued in her official capacity. *See Will*, 491 U.S. at 89. Therefore, in that capacity she is not a person liable for money damages under section 1983. (*Id.*). In her personal capacity, Director Udow may be sued under section 1983. However, the Court finds that nonmutual claim or issue preclusion bars the personal capacity claims against Director Udow, as well as any official capacity claims for other than money damages. Plaintiff made allegations on page 33 of her Complaint in the earlier action that Director Udow refused to expunge her name from the abuse registry. (No. 06-13572, docket no. 1). Plaintiff

alleged that this refusal was due to retaliation. In that action, Director Udow was a named Defendant but only in her official capacity.

Under the doctrine of claim preclusion, "a final judgment on the merits in an action precludes a party from bringing a subsequent lawsuit on the same claim or raising a new defense to defeat a prior judgment." *Mitchell v. Chapman*, 343 F.3d 811, 819 (6th Cir. 2003). It precludes relitigating a claim previously adjudicated as well as litigating a claim or defense that should have been raised, but was not, in the prior suit. (*Id.*). The four elements which must be present for claim preclusion are: (1) the prior decision was a decision on the merits; (2) the present action is between the same parties or their privies; (3) the claim in the present action should have been litigated in the prior action; and (4) an identity exists between the prior and present actions. (*Id.*). Issue preclusion refers to the foreclosure of an issue previously litigated. *Migra v. Warren City Sch. Dist. Bd. Of Educ.*, 465 U.S. 75, 77 n.1 (1984).

In the prior action the district court accepted this Court's Recommendation to dismiss the claims of federal civil rights violations against Defendant Udow because Plaintiffs had failed to state a claim for relief against her. (No. 06-13572, docket nos. 115, 137). A dismissal for failure to state a claim is an adjudication on the merits. *Federated Dep't Stores v. Moitie*, 452 U.S. 394, 399 n.3 (1981). An identity exists between the two actions because they are both based on the same general facts. Also, there is no reason shown why Plaintiff could not have raised all of the claims in this action in the earlier action.

The final question is therefore whether the two actions are between the same parties or their privies. As stated above, Plaintiff named Defendant Udow only in her official capacity in the previous action. The Sixth Circuit has, however, recognized that identity of the parties is not

absolutely necessary when litigants bring repeated actions upon the same operative facts with slight change in legal theories and defendants. *See Randles v. Gregart*, 965 F.2d 90, 93 (6th Cir. 1992). In that case, the court affirmed the dismissal of a complaint on res judicata grounds even though two of the named defendants were not named in the earlier action. This doctrine is known as nonmutual claim or issue preclusion. *See also Habtemariam v. Adrian*, 1999 WL 455326 (6th Cir. 1999) (unpublished); *Hazzard v. Weinberger*, 382 F. Supp. 225, 226-29 (S.D.N.Y. 1974). Ten of the twenty-three Defendants named in this action were named in the prior action. Moreover, many of the other Defendants are either employees of a previously named defendant or an agency whose employees were previously named as defendants. The operative facts are the same in the two cases. Although the legal theories upon which Plaintiff sues differ on some points, many are the same. Under these circumstances, the doctrine of nonmutual claim or issue preclusion bars Plaintiff's claims against Defendant Udow in her personal capacity.

As for any state law claims against Defendant Udow, because Plaintiff has failed to state a claim against her under federal law, this Court may not hear the state law claims as to state officials due to Eleventh Amendment immunity. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 121 (1984); *Stinemetz v. McWherter*, 919 F.2d 739 (6th Cir. 1990) (unpublished). Defendant Udow should be dismissed from this action and the state law claims should be dismissed without prejudice.

**E.     Assistant Attorney General Nunez**

Because she is also a state official, when Defendant Nunez is sued in her official capacity it is a suit against the State. Therefore, she is entitled to immunity for money damages in her official capacity. *See Will*, 491 U.S. at 89. This Court also may not hear state law claims against her. *See*

*Stinemetz*, 919 F.2d 739.  She may be sued in her personal capacity on the federal claims, however. Plaintiff did not name Defendant Nunez in the previous action.  However, Plaintiff did complain about the termination of her parental rights in the previous action.  (No. 06-13572, docket no. 1 at 25).  The Court finds that, as discussed above for Director Udow, the personal capacity claims and any official capacity claims for other than money damages against Defendant Nunez are barred by nonmutual claim or issue preclusion.  *See Randles*, 965 F.2d at 93.  Defendant Nunez should be dismissed from this action and any state law claims should be dismissed without prejudice.

      **F.**      **James Novell**

Defendant Novell is the program manager for the Foster Care Review Board of the Michigan Supreme Court.  In his official capacity, a suit against him is a suit against the State.  Accordingly, he is entitled to immunity from money damages in his official capacity.  *See Will*, 491 U.S. at 89. This Court also may not hear state law claims against him.  *See Stinemetz*, 919 F.2d 739.  Defendant Novell may be sued in his personal capacity on the federal claims.  Plaintiff did not name Defendant Novell in her previous action.  However, the same facts that form the basis of the claims against Defendant Novell were included in Plaintiff's previous Complaint.  In the present Complaint Plaintiff alleges that Defendant generated erroneous findings on behalf of the Foster Care Review Board and remitted them to Judge Hartsfield instead of the presiding judge, Judge Gibson.  (Docket no. 1, Complaint ¶ 267).  Plaintiff also claims that Defendant disregarded her concerns for the safety and well-being of her children and failed to protect the well-being of her children.  (*Id*. ¶¶ 271, 282). Plaintiff made these same claims in her Complaint in the previous action.  (No. 06-13572, docket no. 1 at 27). The Court therefore finds that the personal capacity claims and official capacity claims for other than money damages against Defendant Novell are barred by nonmutual claim or issue

preclusion. *See Randles*, 965 F.2d at 93. Defendant Novell should be dismissed from this action and any state law claims should be dismissed without prejudice.

In her Response, Plaintiff argues that this Court should abstain in deference to the state courts for the claims under 42 U.S.C. §§ 1983 and 1985. The Court finds no merit to these arguments.

**III.    NOTICE TO PARTIES REGARDING OBJECTIONS:**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address

each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: March 24, 2008          s/ Mona K. Majzoub
MONA K. MAJZOUB
UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Beverly Tran and Counsel of Record on this date.

Dated: March 24, 2008          s/ Lisa C. Bartlett
Courtroom Deputy