UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BEVERLY TRAN,

       Plaintiff,                CIVIL ACTION NO. 07-CV-13232-DT

vs.

                                    DISTRICT JUDGE BERNARD A. FRIEDMAN

MICHIGAN DEP'T OF        MAGISTRATE JUDGE MONA K. MAJZOUB
HUMAN SERVICES, et al.,

       Defendants.
_____/

## REPORT AND RECOMMENDATION

**I.    RECOMMENDATION:** The Motion to Dismiss filed by Defendants Foster Care Review Board, Shelia Gibson, Lorraine Jackson, Jack Kemp (Keck), and Kelly Ramsey (docket no. 52) should be **GRANTED.** All claims against these Defendants should be dismissed with the state law claims being dismissed without prejudice.

**II.    REPORT:**

    **A.    Facts, Procedural History, and Claims**

This matter comes before the Court on the Motion to Dismiss filed by Defendants Foster Care Review Board, Sheila Gibson, Lorraine Jackson, Jack Kemp,[1] and Kelly Ramsey. (Docket no. 52). Plaintiff has responded to the motion. (Docket no. 55). All pretrial matters have been referred to the undersigned for a decision. (Docket no. 3). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e). This matter is now ready for ruling.

---

[1] Plaintiff apparently misspelled the proper name of this Defendant, Jack Keck. (Docket no. 52).

-1-

This is the second action filed by Plaintiff alleging federal civil rights violations and state law claims against a multitude of defendants. Final judgment has been entered against Plaintiff in the earlier action, and Plaintiff's appeal period has expired. *See Tran v. Michigan Dep't of Human Servs.*, No. 06-CV-13572 (E.D. Mich. Mar. 1, 2007). Both actions involve the same general factual allegations. Plaintiff alleges that her rights (and at least in the earlier action the rights of her minor two children, A.R. and L.T.) were violated when her sons were taken out of her care by the Michigan state authorities in 2002 and during the ensuing actions she took to regain custody and otherwise protect her children.[2] (Docket no. 1). The present action was filed originally in state court in July 2007 and then removed to federal court on August 2, 2007. Plaintiff filed her Complaint pursuant to 42 U.S.C. §§ 1983 and 1985. (*Id*. ¶ 1).

Plaintiff names 23 Defendants in her Complaint. (Docket no. 1). Included as Defendants are the Foster Care Review Board, Shelia Gibson, Lorraine Jackson, Jack Kemp, and Kelly Ramsey. (*Id*.). All of the individual defendants are named in their official and personal capacities. (*Id*.).

The specific allegations against these Defendants are contained in paragraphs 37 through 304 of Plaintiff's Complaint. (Docket no. 1). The allegations against Defendant Foster Care Review Board concern its failure to address the alleged lack of oversight and mistreatment of Plaintiff's sons by state officials. (*Id*., Complaint ¶¶ 210, 265, 266, 281). The allegations against Defendant Gibson are that as a Judge for the Michigan Third Circuit Family Division she failed to dismiss a case against Plaintiff, ordered three years of drug testing for Plaintiff, denied Plaintiff the right to be with

---

[2] This Court in its Recommendation in the previous case construed Plaintiffs' Complaint to raise claims of violations of the Civil Rights of Institutionalized Persons Act, Individuals with Disability Education Act, Health Insurance Portability and Accountability Act, civil rights statutes including 42 U.S.C. § 1983 and 1985, and criminal statutes. (No. 06-13572, docket no. 115). Plaintiffs also raised two state law claims, but Plaintiff does not raise them now.

her sons, and sat on the Foster Care Review Board while under a conflict of interest. (*Id.*, Complaint ¶¶ 223-304). The allegations against Defendant Lorraine Jackson, a psychologist for the Clinic for Child Study for the Third Judicial Court of Michigan, Family Division, are limited to her observing the interaction of Plaintiff with her sons in a clinical setting. (*Id.*, Complaint ¶ 128). Defendant Kelly Ramsey is alleged to be a Referee for the Third Circuit Court, Family Division. Plaintiff makes many allegations against Defendant Ramsey concerning the placement into foster care of Plaintiff's sons and the continuation of foster care over Plaintiff's objections. (*Id.*, Complaint ¶¶ 37-236). Finally, the allegations against Defendant Kemp (Keck) are that he improperly authorized the placement of one of Plaintiff's sons in foster care and improperly extended funding for the placement. (*Id.*, Complaint ¶¶ 59-101).

Plaintiff raises 18 counts in her Complaint. Each count names almost all Defendants and alleges that they committed the acts complained of "whether knowingly or willfully, in concert, or done individually within the scope of their authority under color off [sic] state law." (*Id.* Count 1). Count 1 alleges Negligence and Gross Negligence. Counts 2 and 3 allege Malicious Prosecution. Count 4 alleges Breach of Duty to Public Policy. Count 5 alleges Breach of Implied Contract. Count 6 alleges Breach of Fiduciary Duty. Count 7 alleges Malicious Abuse of Power. Count 8 alleges Breach of Oath of Office. Count 9 alleges Fraudulent Alienation. Count 10 alleges Liable [sic]. Count 11 alleges Slander. Count 12 alleges a due process violation. Count 13 alleges Unreasonable Search and Seizure. Count 14 alleges Retaliation. Count 15 alleges Fraudulent Conversion. Count 16 alleges Conspiracy. Count 17 alleges Deprivation of Religious Freedom.

Count 18 alleges Obstruction of Justice.[3] Counts 19-22 allege injury and damages. Of the Defendants relevant to this motion, Counts 5 and 7 name only Defendants Gibson and Kemp, Counts 8 and 11 name only Defendants Gibson and Ramsey, and Count 14 names only Defendant Ramsey.

Defendants move to dismiss under several theories. They allege that Plaintiff failed to properly serve them as required by Fed. R. Civ. P. 4. This failure is the basis for their moving to dismiss under Fed. R. Civ. P. 12(b)(2) and (5). (Docket no. 52 at 2). Defendants also move to dismiss pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(6) because Plaintiff has failed to state a claim upon which relief may be granted. Defects in the service of process generally require granting leave to attempt valid service rather than dismissal. *Frederick v. Hydro-Aluminum S.A.*, 153 F.R.D. 120, 123 (E.D. Mich. 1994). Accordingly, the Court will address Defendants' claims that Plaintiff has failed to state a claim upon which relief may be granted under Rule 12(b)(6). Defendants incorporate the reasoning advanced by another set of State of Michigan Defendants in their previously filed motion to dismiss. (Docket no. 13).

**B.    Standard of Review**

Dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6) is appropriate when it is clear that no relief could be granted under any set of facts that could be proved consistent with Plaintiff's allegations. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). In considering this motion, the Court must accept as true the well-pleaded factual allegations in

---

[3] To the extent that Plaintiff seeks to initiate criminal charges against Defendants, she as a private citizen has no standing to bring an action for an alleged violation of the criminal code. *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989); *Holland v. O'Hair,* 145 F.3d 1331 (6th Cir. Mar. 26, 1998) (unpublished).

Plaintiff's complaint. (*Id*.). The Court does not have to accept as true legal conclusions or unwarranted factual inferences, however. (*Id*.).

Plaintiff is proceeding *pro se* and, in considering all of her claims, the Court is mindful that Plaintiff Tran, as the mother of the minor children, may not appear *pro se* on their behalf because any cause of action the children may have is their cause of action and not Tran's. *Shepherd v. Wellman*, 313 F.3d 963, 970-71 (6th Cir. 2002) (28 U.S.C. § 1654 does not permit plaintiffs to appear *pro se* where interests other than their own are at stake).

To establish a violation of 42 U.S.C. § 1983, a plaintiff must show that defendants violated a right secured by the federal constitution or laws and must show that the deprivation was committed by someone acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Section 1985 pertains to conspiracies to interfere with civil rights, and under section 1985(3) Plaintiff must allege a conspiracy motivated by a class-based animus. *Lorenzi v. Lorenzi*, 44 Fed. App'x 683 (6th Cir. 2002).

### C. Foster Care Review Board

Plaintiff did not name the Foster Care Review Board as a Defendant in her earlier action. (No. 06-13572, docket no. 1). However, Plaintiff alleged in her previous Complaint that her case was referred to the Board and that she answered a questionnaire sent to her by the Board. (*Id*. at 20). Later in her Complaint Plaintiff alleged that the Board refused to address concerns regarding the lack of administrative oversight and mistreatment of her sons by state officials. (*Id*. at 25). Plaintiff repeats those same allegations in her present Complaint. (Docket no. 1, Complaint ¶¶ 210, 265, 266, 281). Defendants' position is that Plaintiff is barred by res judicata from again raising these claims. (Docket no. 13 at 15-16).

Under the doctrine of claim preclusion, "a final judgment on the merits in an action precludes a party from bringing a subsequent lawsuit on the same claim or raising a new defense to defeat a prior judgment." *Mitchell v. Chapman*, 343 F.3d 811, 819 (6th Cir. 2003). It precludes relitigating a claim previously adjudicated as well as litigating a claim or defense that should have been raised, but was not, in the prior suit. (*Id.*). The four elements which must be present for claim preclusion are: (1) the prior decision was a decision on the merits; (2) the present action is between the same parties or their privies; (3) the claim in the present action should have been litigated in the prior action; and (4) an identity exists between the prior and present actions. (*Id.*). Issue preclusion refers to the foreclosure of an issue previously litigated. *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 77 n.1 (1984).

In the prior action the district court accepted this Court's Recommendation to dismiss Plaintiffs' claims of federal civil rights violations against the State of Michigan Defendants, including Defendants Ramsey, Gibson, and Jackson, because Plaintiffs failed to state a claim for relief against them. (No. 06-13572, docket nos. 115, 137). A dismissal for failure to state a claim is an adjudication on the merits. *Federated Dep't Stores v. Moitie*, 452 U.S. 394, 399 n.3 (1981). An identity exists between the two actions because they are both based on the same general facts. Also, there is no reason shown why Plaintiff could not have raised all of the claims in this action in the earlier action.

The final question is therefore whether the two actions are between the same parties or their privies. As stated above, Plaintiff did not name the Foster Care Review Board as a Defendant in the previous action. The Sixth Circuit has, however, recognized that identity of the parties is not absolutely necessary when litigants bring repeated actions upon the same operative facts with slight

change in legal theories and defendants. *See Randles v. Gregart*, 965 F.2d 90, 93 (6th Cir. 1992). In that case, the court affirmed the dismissal of a complaint on res judicata grounds even though two of the named defendants were not named in the earlier action. This doctrine is known as nonmutual claim or issue preclusion. *See also Habtemariam v. Adrian*, 1999 WL 455326 (6th Cir. 1999) (unpublished); *Hazzard v. Weinberger*, 382 F. Supp. 225, 226-29 (S.D.N.Y. 1974). Ten of the twenty-three Defendants named in this action were named in the prior action. Moreover, many of the other Defendants are either employees of a previously named defendant or an agency whose employees were previously named as defendants. The operative facts are the same in the two cases. Although the legal theories upon which Plaintiff sues differ on some points, many are the same. Under these circumstances, the doctrine of nonmutual claim preclusion bars Plaintiff's claims against the Foster Care Review Board. Any state law claims should be dismissed without prejudice. *See Stinemetz v. McWherter*, 919 F.2d 739 (6th Cir. 1990) (unpublished).

**D.     Sheila Gibson**

Defendant Gibson in her official capacity as a state court judge was named as a Defendant in Plaintiff's previous action. (No. 06-13572). Plaintiff failed to state a claim upon which relief could be granted against her, however. (*Id*. docket nos. 115, 137). All of the claims against Defendant Gibson in both her official and personal capacity are barred by either claim preclusion or nonmutual claim preclusion. *Mitchell*, 343 F.3d at 819; *Randles*, 965 F.2d at 93. Defendant Gibson should be dismissed from this action, and any state law claims should be dismissed without prejudice. *See Stinemetz v. McWherter*, 919 F.2d 739.

### E. Kelly Ramsey

Defendant Ramsey was named in her official capacity as a Referee in the state court family division by Plaintiff in her previous Complaint. (No. 06-13572). Plaintiff failed to state a claim against her. (*Id.* docket nos. 115, 137). All of the claims against Defendant Ramsey are barred by either claim preclusion or nonmutual claim preclusion. *Mitchell v. Chapman*, 343 F.3d at 819; *Randles*, 965 F.2d at 93. Defendant Ramsey should be dismissed from this action, and any state law claims should be dismissed without prejudice. *See Stinemetz v. McWherter*, 919 F.2d 739.

### F. Lorraine Jackson

Defendant Jackson was named in her official capacity as a psychologist for the state court Clinic for Child Study by Plaintiff in her previous Complaint. (No. 06-13572). Plaintiff failed to state a claim upon which relief could be granted against her. (*Id.* docket nos. 115-137). All of the claims against Defendant Jackson are barred by either claim preclusion or nonmutual claim preclusion. *Mitchell v. Chapman*, 343 F.3d at 819; *Randles*, 965 F.2d at 93. Defendant Jackson should be dismissed from this action, and any state law claims should be dismissed without prejudice. *See Stinemetz v. McWherter*, 919 F.2d 739.

### G. Jack Kemp

Plaintiff did not name Defendant Kemp (Keck) as a defendant in her previous action. Plaintiff's previous Complaint did, however, raise the same facts that are now alleged against Defendant Kemp such as the placement of one of Plaintiff's sons in a juvenile detention center, his transfer to SVSF, and the authorization of family therapy. (No. 06-13572, docket no. 1, Complaint at 3-4, 7, 14). All of the claims against Defendant Kemp are barred by nonmutual claim preclusion. *Randles*, 965 F.2d at 93. Defendant Kemp should be dismissed from this action, and any state law

claims should be dismissed without prejudice. *See* 28 U.S.C. § 1367(c)(3); *Stinemetz v. McWherter*, 919 F.2d 739.

### III. <u>NOTICE TO PARTIES REGARDING OBJECTIONS</u>:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated:  May 30, 2008                    s/Mona K. Majzoub
                                        MONA K. MAJZOUB
                                        UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

      I hereby certify that a copy of this document was served upon Beverly Tran and Counsel of Record on this date.

Dated: May 30, 2008                                  s/ Lisa C. Bartlett
                                                                  Courtroom Deputy
                                                                  Lisa_Bartlett@mied.uscourts.gov
                                                                  313-234-5206