UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**BEVERLY TRAN,**

       **Plaintiff,**         **CIVIL ACTION NO. 07-CV-13232-DT**

vs.

         **DISTRICT JUDGE BERNARD A. FRIEDMAN**

**MICHIGAN DEP'T OF**         **MAGISTRATE JUDGE MONA K. MAJZOUB**
**HUMAN SERVS., et al.,**

       **Defendants.**
_____/

## REPORT AND RECOMMENDATION

**I.**    **RECOMMENDATION:** Defendant Michael Reizen's Motion to Dismiss (docket no. 128) should be **GRANTED**, and this action should be **DISMISSED**.

**II.**    **REPORT:**

The matter comes before the Court on Defendant Reizen's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (Docket no. 128). He is the only remaining Defendant in this action. Defendant Reizen contends that Plaintiff's claims are time barred. (*Id*.). Plaintiff has responded to Defendant's motion. (Docket no. 134). All pretrial matters have been referred to the undersigned for decision. (Docket no. 3). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e). Defendant's motion is now ready for ruling.

    **A.**    **Facts and Claims**

Defendant Reizen was a City of Detroit police officer at the time of the events relevant to this action. (Docket no. 1 at 22). Plaintiff claims that on August 2, 2002 Defendant Reizen encountered Plaintiff when he was responding to a report of an automobile accident at approximately 4:00 a.m. (*Id*. at 24). Plaintiff alleges that she was sitting in her car in the driveway

of her house. (*Id.*). She had fallen asleep there. (*Id.*). Defendant Reizen allegedly asked her where she lived and she pointed out her house. (*Id.*). He then asked if anyone was in the house, and Plaintiff stated that she had two sons. (*Id.*). Plaintiff then alleges that:

> Officers then forcibly entered her house and proceeded to a search, despite her challenges. Found in the kitchen pantry, on the top shelf, were the medications of her son. Reizen gathered the prescription bottles in a plastic bag and stated to his partner, [sic] "Look at all these meds, these people are [unreadable]. Plaintiff confronted Rizen [sic] by responding, "You have no right to do this." Reizen laughed and retorted, [sic] "You will never see your children again, Crackhead."

(Docket no. 1 at 24).

Plaintiff also alleges that she was transported to Detroit Medical Center's Crisis Center where she was admitted. (*Id.*). Plaintiff further alleges that she was transported to Heritage Hospital for observation and later released within 2 weeks. (*Id.*). Later in her Complaint, Plaintiff alleges that Defendant Reizen "forcibly entered and invaded Plaintiff's home without warrant, exigent circumstances, or probable cause to kidnap and torture Plaintiff." (*Id.* ¶ 323). Plaintiff also alleges that she "was transported, against her will, with unmitigated force by Defendant REIZEN to a contained environment." (*Id.* ¶ 324). The remainder of Plaintiff's Complaint details the events surrounding Plaintiff's attempts to regain custody of her two children who were placed in the custody of state child services agencies.

Plaintiff's Complaint raises eighteen grounds for relief under 42 U.S.C. § 1983 and under state tort law. (Docket no. 1). Each count names almost all Defendants and alleges that they committed the acts complained of "whether knowingly or willfully, in concert, or done individually within the scope of their authority under color off [sic] state law." (*Id.* Count 1). Count 1 alleges Negligence and Gross Negligence. Counts 2 and 3 allege Malicious Prosecution. Count 4 alleges

Breach of Duty to Public Policy. Count 5 alleges Breach of Implied Contract. Count 6 alleges Breach of Fiduciary Duty. Count 7 alleges Malicious Abuse of Power. Count 8 alleges Breach of Oath of Office. Count 9 alleges Fraudulent Alienation. Count 10 alleges Liable [sic]. Count 11 alleges Slander. Count 12 alleges a Due Process violation. Count 13 alleges Unreasonable Search and Seizure. Count 14 alleges Retaliation. Count 15 alleges Fraudulent Conversion. Count 16 alleges Conspiracy. Count 17 alleges Deprivation of Religious Freedom. Count 18 alleges Obstruction of Justice. Counts 19-22 allege injury and damages. Defendant Reizen is omitted from Count 15.

Defendant Reizen moves to dismiss all of the causes of action against him because the claims allegedly accrued on August 2, 2002 and the statute of limitation expired on August 2, 2005, well before Plaintiff filed her Complaint on July 17, 2007.[1] (Docket no. 128). Plaintiff responds by arguing that she has exhausted her administrative remedies and that there are extraordinary circumstances that require the equitable tolling of the statute of limitation. (Docket no. 134).

**B.     Governing Law**

Dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6) is appropriate when it is clear that no relief could be granted under any set of facts that could be proved consistent with Plaintiff's allegations. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). In considering this motion, the Court must accept as true the well-pleaded factual allegations in Plaintiff's Complaint. (*Id*.). The Court does not have to accept as true legal conclusions or unwarranted factual inferences, however. (*Id*.).

---

[1] Plaintiff filed her Complaint on this date in state court, and it was later transferred to federal court.

Plaintiff is proceeding *pro se* and, in considering all of her claims, the Court is mindful that Plaintiff Tran, as the mother of the minor children, may not appear *pro se* on their behalf because any cause of action the children may have is their cause of action and not Tran's. *Shepherd v. Wellman*, 313 F.3d 963, 970-71 (6th Cir. 2002) (28 U.S.C. § 1654 does not permit plaintiffs to appear *pro se* where interests other than their own are at stake). In earlier filings Plaintiff states that she is not representing the interests of her children. (Docket no. 35 at 14). The Court therefore will not consider any claims Plaintiff makes on behalf of her children.

To establish a violation of 42 U.S.C. § 1983, a plaintiff must show that defendants violated a right secured by the federal constitution or laws and must show that the deprivation was committed by someone acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**C.     Analysis**

**1.     Federal Claims**

Before determining when the statutes of limitation ran on the claims against Defendant Reizen, the Court must identify the Counts which may state a claim for relief against him.[2] Plaintiff's vague and unsupported allegations that Defendant Reizen was part of a conspiracy with the other Defendants must be rejected. *Horton v. Martin*, 137 Fed. App'x 773, 776 (6th Cir. 2005). There are no facts alleged against Defendant Reizen showing that he engaged in a conspiracy. Therefore, the Court will consider the specific factual allegations against Defendant Reizen and compare those to the Counts in which he is named. Count 13 is the only one which might be

---

[2] To the extent that Defendant's Motion to Dismiss does not argue for dismissal of a claim because it fails to state a claim for relief apart from the statute of limitation issue, the Court may dismiss the claim sua sponte. *See Lifeline Ltd. No. II v. Connecticut Gen. Life Ins. Co.*, 821 F. Supp. 1213, 1214 (E.D. Mich. 1993).

adequately supported by the factual allegations.  This Count is for unreasonable search and seizure of Plaintiff and Plaintiff's home.  (Docket no. 1).

There is no dispute that the statute of limitation for section 1983 claims in Michigan is three years.  *McCune v. City of Grand Rapids*, 842 F.2d 903, 905 (6th Cir. 1988).  Plaintiffs must file their actions within three years of the accrual of their causes of action.  *See id.*  The question then is when did Plaintiff's claims against Defendant Reizen accrue.  Generally, unlawful search and seizure claims arise in civil actions based on facts which result in criminal charges.  In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Court held that, in effect, section 1983 claims for damages alleging harm caused by actions whose unlawfulness would render a conviction or sentence invalid do not accrue until the conviction or sentence has been reversed or otherwise declared to be invalid.  However, in the present action Plaintiff does not allege that she was charged with a crime or suffered a criminal conviction as a result of the allegedly unlawful search and seizures.[3]  Therefore, there is no conviction or sentence to be invalidated.  The holding of *Heck* therefore does not delay the date of accrual for Plaintiff's claims.

Defendant argues that all of the claims against him accrued on the day of the alleged unlawful search and seizures, August 2, 2002.  (Docket no. 128 at 5).  Plaintiff does not dispute this assertion.  (Docket no. 134).  Because *Heck* does not delay the accrual date, the Court agrees that Plaintiff's viable section 1983 claims against Defendant Reizen accrued on August 2, 2002.  *See Kelly v. Burks*, 415 F.3d 558, 561 (6th Cir. 2005) (claim accrues when plaintiff knows or has reason to know of injury that is basis of action).  Plaintiff therefore had to file her action within three years

---

[3] Plaintiff's claims of malicious prosecution are based on litigation to terminate her parental rights rather than on criminal charges.  (Docket no. 1, Counts 2, 3).

of that date, on or before August 2, 2005. This action filed on July 17, 2007 was not timely filed. Only if the limitation period is tolled will Plaintiff's claims against Defendant not be time-barred.

Five factors are considered in determining whether to apply equitable tolling: (1) lack of actual notice of filing requirement; (2) lack of constructive knowledge of filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) a plaintiff's reasonableness in remaining ignorant of the notice requirement. *Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir. 1988). The absence of prejudice factor is not an independent basis for invoking the doctrine. (*Id.*). It is considered only if one of the other factors is first identified as one that might justify tolling. (*Id.*). In addition, typically equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline arose from circumstances beyond that litigant's control. *Steiner v. Henderson*, 354 F.3d 432, 438 (6th Cir. 2003). It is well settled that ignorance of the law alone is not sufficient to warrant equitable tolling. *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991) (per curiam).

Plaintiff does not claim that she was not aware of the filing requirement. (Docket no. 134). Her response focuses on her alleged diligence in pursuing her rights. (*Id.*). The relevant time period for this inquiry is from the date of accrual, August 2, 2002 until August 2, 2005, her filing deadline. The "extraordinary circumstances" requiring tolling relied upon by Plaintiff for the most part fall outside of this time period. (*Id*. at 5-6). The only two circumstances cited within this time period are the January 19, 2005 dismissal of a termination of parental rights proceeding and the filing of a second petition for termination of her parental rights on the same date. (*Id.*). Plaintiff alleges that she filed two earlier actions regarding these facts in August 2006 and February 2007. (*Id*. at 7). However, these actions were filed after the running of the limitation period. After considering all

of the relevant factors, the Court finds that equitable tolling of Plaintiff's limitation period is not warranted. Plaintiff's federal claims against Defendant Reizen are therefore time-barred and should be dismissed.

### 2. State Law Claims

Because all federal claims against Defendant Reizen should be dismissed, this Court should dismiss without prejudice any state law claims against this Defendant. *See* 28 U.S.C. § 1367(c)(3) (allowing courts to decline supplemental jurisdiction over claims when court has dismissed all claims arising under original jurisdiction).

### III. NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response

proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: February 06, 2009          s/ Mona K. Majzoub
                                                          MONA K. MAJZOUB
                                                          UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

     I hereby certify that a copy of this Report and Recommendation was served upon Beverly Tran and Counsel of Record on this date.

Dated: February 06, 209          s/ Lisa C. Bartlett
                                                          Courtroom Deputy